MEINEKE ET AL., APPELLANTS, *v.* SCHWEPE ET AL., APPELLEES.

(No. 215—Decided April 24, 1952.)

*Mr. David H. Stevenson,* for appellants.

*Messrs. Maple & Maple,* for appellees William H. Schwepe and Bailey-Murphy Company.

*Mr. Roland Carey,* for appellee Earl Wiederhold.

*Mr. Charles M. Leslie,* for The Second National Bank.

*Messrs. Graydon, Head & Ritchey,* for Fifth-Third Union Trust Company.

*Per Curiam.* This is an appeal on questions of law and fact from an action for specific performance of a contract, in which action defendant Schwepe seeks damages for breach of the same contract.

The defendant Schwepe owned a farm in Harlan township, Warren county, Ohio. This farm was encumbered by certain mortgages and was in the possession of the defendant Wiederhold under an agreement with Schwepe, whereby they divided the net income from its operation. The duration of the tenancy is somewhat in dispute, but, for the reason hereinafter noted, we are of the opinion that as against the plaintiffs, Wiederhold is estopped to assert a right of tenancy after March 1, 1949.

Schwepe employed The Bailey-Murphy Company as

auctioneers and real estate agents to conduct a public sale of his farm with certain growing crops thereon. This public auction took place on December 14, 1948, and the plaintiffs' bid of $19,712, being the highest and best bid, the auctioneers declared them to be the purchasers. Both Schwepe and Wiederhold were present at the auction which took place on the farm that was being sold. Both before and at the time of the auction it was announced that possession would be given on March 1, 1949. The defendant Wiederhold made no denial, but, in fact, before the sale, on more occasions than one, expressly agreed that his right terminated on March 1, 1949. We are clearly of the opinion that his conduct estopped him from asserting any greater right as against the plaintiffs, who relied on his statements and conduct.

Immediately after the auction the parties repaired to the farmhouse, where the contract was reduced to writing and signed by the parties. A printed form was used. This contract is as follows:

"Confirmation of Sale

"This memorandum of sale and agreement, made and entered into at Morrow, Ohio, this 14 day of December, 1948, by and between W. H. Schwepe, hereinafter called the seller, and Anthony C. and Margaret E. Meineke, hereinafter called the buyer, Pleasant Plain, Ohio.

"Witnesseth: That whereas, the seller has offered for sale and sold at public auction through The Bailey-Murphy Company the following described premises:

"Known as the W. H. Schwepe farm of 224 acres, more or less, located 3 miles northwest of Blanchester, near Black Hawk on state route 123 in Harlan township, Warren county, Ohio, together with all appurtenances and hereditaments thereunto belonging, but subject to all legal highways and existing easements, and

"Whereas, the buyer has this day bid in at public auction and has purchased all of said property for the sum of $19,712. (224 A. at 88.00 per A.)

"Now therefore, it is agreed as follows:

"1. That buyer agrees to pay the sum of $5,000 upon execution of this agreement, the receipt of which is hereby acknowledged by the seller, and $14,712 on delivery of deed. The balance of the purchase price in the sum of $...... shall be paid as follows:

"'* * *

"2. The buyer agrees to execute notes for said deferred balance, and mortgage to secure the same giving seller a first lien on said property, said notes bearing interest at .... % per annum from ...... payable semi-annually on ...... and ...... of each year.

"3. The seller agrees to pay taxes and assessments due and payable to and including ...... the first half 1948 taxes and assessments.

"4. The seller agrees to maintain fire and windstorm insurance covering buildings on said premises until delivery of deed.

"5. The seller agrees to furnish satisfactory evidence, showing good and merchantable title to said premises.

"6. The seller agrees to execute and deliver a good and sufficient warranty deed with release of dower on or before March 1st, 1949.

"7. The seller agrees to give possession of said property on or about March 1st, 1949. Purchaser is to receive one-half interest in 33 acres of growing wheat and 10 acres of growing rye.

"In witness whereof, the parties have hereunto set their hands this 14 day of Dec. 1948.

"Emmet H. Bailey  W. H. Schwepe
         Anthony C. Meineke
         Margaret E. Meineke."

At the time this contract was prepared and signed, a discussion took place as to the payment of the $5,000 before the title to the farm was cleared. This discussion was resolved by placing the amount in the hands of the auctioneer to hold. Accordingly, the auctioneer prepared a check and it was signed by Meineke. It is dated December 14, 1948, and it was honored the following day by the bank upon which it was drawn. Subsequently, the auctioneer paid the amount to the clerk of the Common Pleas Court, to abide the result of this litigation.

A reading of the testimony in this record forces the conclusion that the plaintiffs were at all times ready, willing, able, and anxious to perform their obligation, and that the defendant soon disclosed a reluctance to perform. He finally used his own breach, in that, as he claimed, he was unable to deliver possession as an excuse for repudiating the contract. Even if Wiederhold had a right to possession after March 1, 1949, as against Schwepe, which is doubtful, he was estopped as against the plaintiffs to assert such right. Furthermore, if the existence of this lease constituted a defect in Schwepe's title, which precluded him from performing his contract to give a clear title, it could be equalized by a reduction of the purchase price.

Later, other reasons were also assigned. One of the reasons advanced for the refusal of relief is that the plaintiffs did not make a legal tender of the balance of the purchase price by March 1, 1949. They had already paid $5,000 on the purchase price to defendant Schwepe's agent and had made various efforts to get Schwepe to meet them so that the balance could be paid upon delivery of the deed, but Schwepe evaded. As late as March 8, 1949, Schwepe, through his attorney, offered an excuse that the premises were quarantined, stating that it would be several weeks before anything could be done, and intimated that

he would be unable to deliver possession. It was not, however, until March 17, 1949, that he tentatively repudiated the contract in a letter in which he construed his letter of March 8th as a notice of repudiation.

This action was filed on May 21, 1949, which certainly cannot serve as a predicate for a defense of laches.

In 49 American Jurisprudence, 55, Section 42, it is stated:

"It is a well-established general principle in equity that time is not ordinarily regarded as of the essence of contracts unless it is so stipulated by the express terms thereof or it is necessarily to be so implied from the character of the obligations assumed, and this is especially true as regards executory contracts for the sale of land which are considered in equity as vesting the equitable title in the purchaser subject to the claim of the vendor for the purchase money. Therefore, in the ordinary cases of sales of estates, the general object being to make a sale for an agreed sum, the time of payment is regarded in equity as formal, and as meaning only that the purchase shall be completed within a reasonable time, and substantially according to the contract, regard being had to all the circumstances. * * *"

"* * * The purchaser does not ordinarily by a failure to make payment at the stipulated time lose his right to compel the vendor to convey, for compensation for the delay may be easily adjusted by allowing interest * * *"

Of course, time may be made the essence of a contract by express stipulation, or by clear implication from the circumstance. We find neither in this case.

Another objection urged by defendant Schwepe is that the contract is too indefinite to be specifically performed in that the description does not sufficiently identify the real estate. This is urged notwithstanding

his cross-petition in which he seeks damages for having been fraudulently induced to enter into the contract.

That the description meets the requirements of the law is clear. Schwepe testified that he owned no other real estate in Harlan township, Warren county, Ohio. Under such circumstances, the location and identity of the subject matter could be easily ascertained by the description in the contract alone. On this subject, see 49 American Jurisprudence, 134, Section 115.

On the whole case, we find that the plaintiffs are clearly entitled to specific performance as against Schwepe, with an abatement of the purchase price because of his defaults, and are entitled to a decree as against both Schwepe and Wiederhold, awarding possession of the premises to them.

Upon the subject of abatement and adjustment of equities, we find as follows:

The plaintiffs are entitled to (1) on account of one-half interest in the growing crops, $700; (2) reasonable rental value of the farm from March 1, 1949, at $2,000 per annum to date of delivery of possession, the amount to March 1, 1952, being $6,000—total $6,700.

The plaintiffs should be charged with the unpaid balance of the purchase price, $12,712, and with interest at the prevailing rate in the community, and each party should be credited for any taxes paid on the one hand on any income from the unpaid balance of the purchase price, and, on the other hand, taxes proven to have been paid on the farm.

A decree may be prepared in accordance with this opinion.

*Decree accordingly.*

HILDEBRANT, P. J., MATTHEWS and Ross, JJ., concur.