OPINION
{¶ 1} Appellant John Hootman appeals the decision of the Court of Common Pleas, Tuscarawas County, which ordered specific performance on a real estate contract between appellant and Plaintiff-Appellee William P. Marino, Jr. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant Hootman (seller) and Appellee Marino (buyer) entered into a written purchase agreement on February 6, 2002, for approximately 28 acres of land in Goshen Township, Tuscarawas County, at a price of $205,000. The contract provided that appellant was to give appellee possession of the property on or before June 15, 2002. The contract further called for a closing within thirty days of execution, unless the parties were to agree in writing to an extension thereof. However, the thirty-day deadline passed without a closing, in part because appellee made a trip to Australia for part of February and all of March. Appellee, during the period of February through April, made three payments to appellant, totaling $17,800, towards the purchase price.
 {¶ 3} On June 3, 2002, appellee filed a complaint against appellant and Charles Matthews, a third party who was attempting purchase the parcel at issue. Appellee's complaint requested specific performance and injunctive relief. The trial court granted a preliminary injunction on June 26, 2002. An amended complaint was filed on July 2, 2002. The court set the matter for a bench trial on December 17, 2002.
 {¶ 4} On May 12, 2003, the trial court issued a judgment entry granting specific performance in favor of appellee; i.e., ordering appellant to complete the sale to appellee within twenty-one days. Appellant was also ordered to reimburse appellee for expenses incurred to preserve the interest rate and for bond interest costs. Appellant timely appealed and herein raises the following sole Assignment of Error:
 {¶ 5} "I. The trial court's decision rendered in its judgment entry of 12 May 2003 is Contrary to the manifest weight of the evidence and otherwise not supported by the evidence."
 I. {¶ 6} In his sole Assignment of Error, appellant argues that the trial court's grant of specific performance in favor of appellee was against the manifest weight of the evidence. We disagree.
 {¶ 7} In Wardell v. Turkovich (July 31, 1992), Tuscarawas App. No. 91AP070037, we reiterated that time of performance is not of the essence in a contract unless made so by its terms, or by act of the parties. Id., citing Hubbard v. Norton (1875), 28 Ohio St. 116, at paragraph 4 of the syllabus. We further therein recited 3A Corbin on Contracts (1960) 365, Section 716, as follows:
 {¶ 8} "In an ordinary bilateral contract for the purchase and sale of land, the fact that a specific time is fixed for payment or for conveyance does not make `time of the essence' — at least, it does not make performance at the specified time of the essence. Failure to pay at that time is not per se sufficient to terminate the seller's duty to convey; and failure to convey on the exact date does not per se discharge the buyer."
 {¶ 9} Under the line of authority represented by Wardell,
"performance within a reasonable time of the specified date is sufficient to comply with the requirements of the contract." See Brown v. Brown
(1993), 90 Ohio App.3d 781, 785. "`The reason that payment or conveyance at the exact time is not "of the essence," even though delay will be a breach of contract and a cause of action, is that the injury caused by the delay is little or nothing. Delays are frequent in these transactions; and it is the custom of men to overlook them, even though they may have stated in advance that they would not. The reason can also be stated in this form: performance at a time later than specified in the contract is "substantial performance."'" Id. quoting Corbin, supra.
 {¶ 10} "If time is not of the essence and the obligor has substantially complied with the terms of the contract, the obligee's duty to perform is not discharged." Lake Ridge Academy v. Carney (1993),66 Ohio St.3d 376, 378-379. In the case sub judice, the trial court found that appellee had the financial ability to pay the balance due, via various lines of credit available to him. The court thus found that appellee "has always been ready and able to close on this purchase." Judgment Entry at 4. The court further noted that the contract at issue did not state time was of the essence, a finding which appellant does not herein specifically challenge. According to the testimony of Attorney Zachary Space, who prepared the contract at issue, the parties "were doing a lot of the dealings outside of [Space's] office." Tr. at 17. At one point, appellee contacted Space and asked him to prepare an addendum reflecting the monies that had already been advanced to appellant. Id. Nonetheless, Space added, "[appellant] was difficult to get a hold of." Id. Furthermore, appellee testified that a few issues related to ingress/egress and line encroachment had to be ironed out between the parties, although appellant contends that the chief part of the delay in closing was related to appellee's request to lower the sale price on the face of the contract.[1]
 {¶ 11} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Cross Truckv. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. It is well-established that where the decision in a case turns upon credibility of testimony, and where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court. Hawkv. Hawk, Tuscarawas App. No. 2002AP040024, 2002-Ohio-4384, citing Myersv. Garson, 66 Ohio St.3d 610, 614, 1993-Ohio-9. Upon review, we find the record supports a finding that time was not of the essence in this case, and that any delays in closing were reasonable and would not have justified a failure of appellant's performance under the parties' contract.
 {¶ 12} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 13} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Farmer, J., concurs.
Hoffman, P.J., concurs separately.
[1] Appellant suggests this was a scheme by appellee to defraud the taxing authorities; appellee replies that it was instead a proposed method of clearing up a debt appellant owed a third party. Nonetheless, any suggested price change addendum never came to fruition.