DECISION.
{¶ 1} Plaintiff-appellant D. Gary Hall, d/b/a Gary Hall Homes ("Hall"), builds custom homes. Defendant-appellee U.S. Bank National Association ("U.S. Bank") is the trustee of the Margaret Kleiner Trust, which owns real property on Old Indian Hill Road in Cincinnati. On April 29, 2004, Hall contracted with U.S. Bank to purchase the real property for $950,000. Hall paid $5000 earnest money at the time the contract was signed. The balance of the purchase price was due in cash on the date of closing. The "conveyance and closing" clause set forth a closing date of June 1, 2004, or "earlier as mutually agreed by the parties." The parties deleted section 14 of the contract, the real estate inspection contingency, which contained the only "time is of the essence" provision in the contract. Section 26 of the contract stated, "The parties agree that this Contract constitutes their entire agreement and no oral or implied agreement exists. Any amendments and/or extensions to this Contract shall be in writing, signed by all parties and copies shall be included with all copies of the original Contract. This Contract shall be binding upon the parties, their heirs, administrators, executors, successors and assigns. Faxes are an acceptable method of communication in this transaction and shall be binding upon the parties."
 {¶ 2} On June 1, 2004, Hall requested that the closing be rescheduled to June 3, 2004. U.S. Bank rejected Hall's request. On June 2, 2004, U.S. Bank entered into a contract with defendant D.I.D., LLC ("DID") for the purchase of the property at a higher price. Hall tendered the balance of the purchase price to U.S. Bank on June 3, 2004, but U.S. Bank refused the tender.
 {¶ 3} Hall filed a complaint requesting, inter alia, specific performance of the contract and money damages. Hall alleged that U.S. Bank had breached the contract by refusing to convey title to him when he tendered the balance of the purchase price on June 3, 2004. U.S. Bank filed a Civ.R. 12(B)(6) motion to dismiss Hall's complaint for failing to state a claim on which relief could be granted. U.S. Bank argued that by designating a closing date the parties had made time of the essence in the performance of the contract, and that Hall's failure to tender the balance of the purchase price on June 1, 2004, terminated the contract. Hall argued that the contract did not expressly make time of the essence and, therefore, that the contract did not require him to tender payment on June 1, 2004. Rather, Hall argued, he was required to tender payment within a reasonable time of the closing date. Hall further argued that his tender two days after the closing date was reasonable.
 {¶ 4} Following a hearing, the trial court granted U.S. Bank's motion and dismissed Hall's complaint with prejudice. The court's judgment entry contained a certification pursuant to Civ.R. 54(B) that there was no just reason for delay. Hall has appealed.
 {¶ 5} Hall's sole assignment of error alleges that the trial court erred in granting U.S. Bank's Civ.R. 12(B)(6) motion to dismiss the complaint.
 {¶ 6} In order to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim on which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief. See Copeland v. Cincinnati,159 Ohio App.3d 833, 2005-Ohio-1179, 825 N.E.2d 681, citing O'Brienv. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. All plaintiff's factual allegations must be considered to be true and all inferences must be drawn in his favor. See Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 532 N.E.2d 753; Battersby v. Avatar, Inc.,157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46. This court reviews the granting of a Civ.R. 12(B)(6) motion to dismiss de novo. See id.
 {¶ 7} The fact that a contract for the sale of land contains a specific time for payment or for conveyance of title does not make time of the essence. See Marino v. Hootman, 5th Dist. No. 2003 AP 06 0044, 2004-Ohio-815. Performance within a reasonable time is sufficient to comply with the requirements of the contract. See id. The appearance of a "closing date" in a contract for the sale of real estate does not make time of the essence. See Wardell v. Turkovich (July 31, 1992), 5th Dist. No. 91AP070037; Patterson v. Major Leasing, Inc. (Feb. 26, 1987), 8th Dist. No. 51797; Shullo Constr. Co. v. Miller
(1965), 20 Ohio App.2d 177, 207 N.E.2d 393. Time is not of the essence unless it is expressly made so in the contract or by the actions of the parties to the contract. See id.
 {¶ 8} In Schuholz v. Merrick (Dec. 22, 1982), 1st Dist. No. C-820223, this court held that time was not of the essence under a contract for the sale of real property where the contract did not expressly state that time was of the essence, and where the parties did not behave as if time was of the essence. We stated in Meineke v. Schwepe (1952), 93 Ohio App. 111, 111 N.E.2d 765, citing 49 American Jurisprudence 55, Section 42, that time is not regarded as of the essence in executory contracts for the sale of real estate unless it is expressly made so by the terms of the contract or it is implied from the character of the obligations assumed. The time of payment stated in the contract means that the purchase shall be completed within a reasonable time. See id. The buyer does not lose his right to compel the seller to convey title by failing to make payment at the stipulated time. See id. Time may be made of the essence by an express contractual term or by clear implication from the surrounding circumstances. See id.
 {¶ 9} The contract between Hall and U.S. Bank did not expressly make time of the essence. Therefore, Hall had a reasonable time following the closing date within which to tender payment. Hall tendered payment two days after the closing date set forth in the contract. We hold that two days was a reasonable time within which to complete the purchase of the real estate.
 {¶ 10} The assignment of error is sustained. The judgment of the trial court granting U.S. Bank's Civ.R. 12(B)(6) motion is reversed, and this cause is remanded for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
Hildebrandt, J., concurs.
HENDON, J., concurs separately.