**BATTERSBY, Appellant,**

v.

**AVATAR, INC. et al., Appellees.**

[Cite as *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–030774.

Decided June 25, 2004.

Dr. Gregg N. Battersby, pro se.

Keating, Muething & Klekamp, PLL, Paul D. Dorger and Sue A. Earhart, for appellees.

HILDEBRANDT, Presiding Judge.

{¶ 1} Plaintiff-appellant, Dr. Gregg N. Battersby, appeals from the judgment of the Hamilton County Court of Common Pleas dismissing his complaint against defendants-appellees, Avatar, Inc., Connie Coleman, and Michelle LaTorre (collectively "Avatar"[1]), in a lawsuit alleging the wrongful denial of payment for chiropractic services. For the following reasons, we affirm the trial court's judgment.

{¶ 2} Battersby is a licensed chiropractor. According to his complaint, he had signed a provider agreement with the Ohio Bureau of Workers' Compensation ("BWC") in which he had agreed not to separate, or "unbundle," procedure codes when billing BWC or any managed-care organization. Avatar is a managed-care organization that processes claims for medical services, including chiropractic procedures.

{¶ 3} According to Battersby, Avatar had withheld payment for certain services that he had rendered because there had not been prior approval for the procedures. In his complaint, Battersby alleged that Avatar had not required prior approval for nonchiropractic procedures. He further alleged that, by the time he had resubmitted requests for payment using separate procedure codes as required by Avatar, Avatar had refused payment on the basis that the requests were untimely.

{¶ 4} Battersby's complaint included causes of action for extortion, economic coercion, fraud, racketeering, conspiracy, discrimination, theft, malicious prosecution, and infliction of emotional distress. Avatar filed a motion to dismiss pursuant to Civ.R. 12(B)(6), and in an entry journalized September 17, 2003, the trial court dismissed Battersby's claims in their entirety.

{¶ 5} Battersby now appeals, asserting four assignments of error. In his first assignment of error, he argues that the trial court erred in dismissing his claims under Civ.R. 12(B)(6). A dismissal under Civ.R. 12(B)(6) should be granted only if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts that would entitle him to relief.[2] This court reviews the granting of a Civ.R. 12(B)(6) motion de novo, and, like the trial court, we are constrained to take all of the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor.[3]

---

1. Coleman and LaTorre were employees of Avatar.

2. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

3. *Tri–State Computer Exchange, Inc. v. Burt,* 1st Dist. No. C–020345, 2003-Ohio-3197, 2003 WL 21414688, at ¶ 11.

{¶ 6} Battersby first argues that the trial court erred in dismissing his claim for discrimination. In support of his argument, he cites only R.C. 4121.441 as the basis for the claim. R.C. 4121.441 provides the following:

{¶ 7} "(A) The administrator of workers' compensation, with the advice and consent of the workers' compensation oversight commission, shall adopt rules under Chapter 119. of the Revised Code for the health care partnership program administered by the bureau of workers' compensation to provide medical, surgical, nursing, drug, hospital, and rehabilitation services and supplies to an employee for an injury or occupational disease that is compensable under this chapter or Chapter 4123., 4127., or 4131. of the Revised Code.

{¶ 8} "(B) The rules shall include, but are not limited to, the following:

{¶ 9} "* * *

{¶ 10} "(2) Prohibitions against any discrimination against any category of health care providers * * *."

{¶ 11} As is evident from the plain language of R.C. 4121.441, the statute merely requires the administrator of BWC to promulgate rules concerning the health-care-partnership program. It does not provide a health-care provider with a cause of action against a managed-care organization or any other party. Thus, even if we accept as true Battersby's allegations that Avatar had discriminated against him on the basis that he is a chiropractor, he did not state a claim under R.C. 4121.441, and he did not allege a violation of any other statutory or administrative provision. Although Battersby seems to suggest that he stated a claim under some unspecified common-law prohibition against discrimination, we find no support in the law for such a proposition. Accordingly, we hold that the trial court properly dismissed the discrimination cause of action.

{¶ 12} Battersby's only remaining argument under the first assignment of error is that the trial court erred in dismissing what he terms causes of action "similar in name to criminal causes of action." He does not specify which of his asserted causes of action would fall within that rubric or in what manner the trial court erred in dismissing the claims. Although we review the trial court's dismissal of the claims de novo, it is incumbent upon Battersby, as appellant, to demonstrate the error of which he complains.[4] His conclusory statements concerning these causes of action are insufficient in that regard, and we hold that the trial court did not err in dismissing the remaining causes of action.[5]

---

4. App.R. 16.

5. See id. See, also, *Hamilton Cty. Bd. of Commrs. v. Cincinnati*, 154 Ohio App.3d 504, 2003-Ohio-5089, 797 N.E.2d 1027, fn. 1, jurisdictional motion overruled, 101 Ohio St.3d 1424,

{¶ 13} In his third assignment of error, Battersby contends that the trial court erred in dismissing his claim that he was denied equal protection under the United States and Ohio Constitutions. Although Battersby did not separately plead a violation of equal protection, he suggests that the claim was related to his discrimination cause of action and therefore properly before the trial court. For the sake of argument, we accept that contention.

{¶ 14} The constitutional guarantee of equal protection applies in general only to action by the government.[6] In the case at bar, Battersby alleged merely that Avatar was certified as a managed-care organization under the Ohio workers' compensation health-care-partnership program. He did not allege that Avatar was a governmental entity or an agent of the state. Therefore, we agree with Avatar that equal-protection guarantees were not implicated by Avatar's alleged wrongdoing and that the trial court did not err in dismissing the equal protection claim. The third assignment of error is accordingly overruled.

{¶ 15} In his second assignment of error, Battersby argues that the trial court erred in denying him leave to amend his complaint, or, in the alternative, in failing to inform him that leave of court was not required. Battersby contends that, because he sought to amend his complaint before Avatar had filed a responsive pleading, he should have been permitted to do so as a matter of right.

{¶ 16} Battersby is correct in stating that, under Civ.R. 15(A), a plaintiff is permitted to amend his complaint once as a matter of course and without leave of court before a responsive pleading is served. Nonetheless, we are persuaded that any error on the part of the trial court in the case at bar was harmless. The amendment that Battersby proposed in his motion did not substantively change the nature of the pleading. As Battersby himself stated in his memorandum in support of the motion for leave to amend, he merely sought, in his proposed amendment, to "more clearly show the chronology" of the facts that he had asserted in his complaint. As part of our de novo review of the trial court's dismissal, we have scrutinized the proposed clarification and have concluded that it did not materially affect the allegations of the complaint. Therefore, we find no prejudicial error in the trial court's rejection of the amendment, and the second assignment of error is overruled.

---

2004-Ohio-123, 802 N.E.2d 154 (holding that errors not argued in a brief will be deemed abandoned).

6. See *Edmonson v. Leesville Concrete Co., Inc.* (1991), 500 U.S. 614, 619, 111 S.Ct. 2077, 114 L.Ed.2d 660, citing *Natl. Collegiate Athletic Assn. v. Tarkanian* (1988), 488 U.S. 179, 191, 109 S.Ct. 454, 102 L.Ed.2d 469.

{¶ 17} In his fourth and final assignment of error, Battersby argues that the trial court erred in refusing to recuse itself. In support of the assignment, Battersby states that the law firm representing Avatar had contributed to the court's campaign.

{¶ 18} We find no merit in the assignment. The proper avenue of redress for a party seeking recusal is the filing of an affidavit of bias and prejudice with the Chief Justice of the Supreme Court of Ohio.[7] A litigant may not raise the issue for the first time on appeal.[8] The fourth assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

GORMAN and SUNDERMANN, JJ., concur.

---

**7.** See, e.g., *Nickerson v. Nickerson* (May 22, 1998), 1st Dist. No. C–970431, 1998 WL 258448.

