McMULLIAN et al., Appellants,

v.

BOREAN et al., Appellees.

[Cite as *McMullian v. Borean,* 167 Ohio App.3d 777, 2006-Ohio-3867.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

Nos. OT–05–040 and OT–05–037.

Decided July 28, 2006.

Johna M. Bella, for appellants.

Jacqueline M. Boney and Larry Noblitt, for appellees.

SKOW, Judge.

{¶ 1} This cause comes to us as a consolidated appeal from the Ottawa County Court of Common Pleas, which dismissed appellants' complaint against two defendants for failure to state a claim. For the following reasons, we affirm in part and reverse in part.

{¶ 2} As this case is postured, we are limited to the facts alleged in the complaint. Appellants, David and Susan McMullian, husband and wife, purchased a parcel of land from Patricia Borean, who had procured the property by entering into a purchase/lease agreement with the Lakeside Association ("Lakeside"), an appellee herein. Originally, the parcel was Lot 11, Block 76 of Lakeside, a subdivision of Danbury Township, Ottawa County, Ohio. Upon her purchase/lease of the property, Borean split the parcel into two plots. Appellants purchased one of those plots, known as "Lot 11, N ½ Lot 12, Blk 76, Cherry Street."

{¶ 3} Firelands Abstract & Title Agency, Inc. ("Firelands"), the second appellee herein, which the complaint describes as a licensed real estate title examina-

tion company, performed the title search and acted as an agent for the General Title & Trust Co. ("General Title"), which issued a policy of title insurance to appellants.[1] Approximately a year and a half after appellants had closed on the purchase, appellants received permission from Lakeside to construct a certain planned residence on their property. Shortly afterwards, appellants discovered the existence of a sewer easement that the parties agree was not disclosed in Firelands' title search and was not expressly excepted from coverage in the title insurance policy.

{¶ 4} Appellants filed the instant complaint, alleging, inter alia, that the undisclosed sewer easement rendered them unable to construct their approved and planned residence. Appellants have appealed the trial court's grants of Firelands' Civ.R. 12(C) motion and Lakeside's Civ.R. 12(B)(6) motion, dismissing all claims against each, by way of the following assignments of error:

{¶ 5} "The trial court erred when it found that appellants' complaint failed to state a claim upon which relief could be granted against appellee Firelands Abstract & Title, Inc.

{¶ 6} "The trial court erred when it found that appellants' complaint failed to state any claim upon which relief could be granted against appellee the Lakeside Association."

{¶ 7} A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. *Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 163, 644 N.E.2d 731.

{¶ 8} The standard for granting a motion to dismiss a claim is "straight-forward." *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 5. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. "[I]t must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Beretta,*

---

1. We reversed the dismissal of appellants' claims against General Title in *McMullian v. Borean,* 6th Dist. No. OT–05–17, 2006-Ohio-861, 2006 WL 456771. Borean is also not a party to this appeal.

supra, citing *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063. Courts are limited to examining the face of the complaint, may not consider matters outside the complaint, and must presume that all the assertions in the complaint are true. *Estate of Sherman v. Millhon* (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098; *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985. The standard of review for dismissals granted pursuant to Civ.R. 12(B)(6) is de novo. *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46.

{¶ 9} First, we examine the trial court's dismissal, pursuant to Civ.R. 12(C), of appellants' claim against Firelands. The trial court's entry stated only that appellants failed to state a cause of action as pleaded in the seventh count of their complaint. Appellants initially complain that the trial court should have provided an explanation for its decision. However desirable explanations are, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, citing *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 58 N.E.2d 658. Therefore, we need only determine whether appellants' complaint, assuming all facts are true, states a cause of action against Firelands.

{¶ 10} Appellants filed their initial complaint on June 10, 2004, and filed an amended complaint on March 9, 2005. The initial complaint's stated claim against Firelands is entirely as follows:

{¶ 11} "Seventh Claim for Relief: * * * Plaintiffs state that Defendant Firelands Abstract & Title, Inc. performed the title examination on Plaintiffs' lot. Defendant disclosed the easement recorded at Volume 290, Page 369 but negligently failed to disclose the easement that directly encroached on Plaintiffs' lot to such an extent that they were unable to construct their residence as planned and approved. As a direct and proximate result thereof, Plaintiffs have sustained damage."

{¶ 12} Appellants correctly state the long-standing rule that title examiners may be liable for failing to disclose an encumbrance when there is privity of contract between the title examiner and the plaintiff, citing *Thomas v. Guarantee Title & Trust Co.* (1910), 81 Ohio St. 432, 442, 91 N.E. 183, and *Cedar Dev., Inc. v. Exchange Place Title Agency, Inc.*, 149 Ohio App.3d 588, 2002-Ohio-5545, 778 N.E.2d 136. Appellate courts have strictly applied the syllabus in *Thomas*, rejecting, for instance, a less restrictive "substantial nexus" test. See id. at ¶ 22; *Kenney v. Henry Fischer Builder, Inc.* (1998), 129 Ohio App.3d 27, 32, 716 N.E.2d 1189 (rejecting proposed Restatement test).

{¶ 13} In response, Firelands points only to the policy of title insurance issued by General Title and attached to the complaint as required by Civ.R. 10(D), noting that some sewer line easements are expressly excepted from coverage.[2] The "Exceptions from Coverage" section lists sewer line easements recorded at Volume 290, Page 369; Volume 407, Page 245; Volume 411, Page 557, and easements not shown by public records. The easement that appellants allege prevented them from construction is not listed. Firelands argues, however, that since the listed exceptions gave appellants notice that some sewer easements affected their property, appellants carried the burden to "inquire further," asserting, "[I]t is incomprehensible that they did not inquire further when given notice that a particular sewer easement * * * affected the premises * * *." In support, Firelands cites *Findlay Ford Lincoln–Mercury v. Huffman*, 3d Dist. No. 5–02–67, 2004-Ohio-541, 2004 WL 231511. *Findlay Ford*, however, is entirely inapposite to the instant matter. There, the plaintiff buyer alleged that the defendant seller intentionally concealed and misrepresented the existence of water and oil wells on the property through the seller's oral representations; the wells were, however, discoverable through a public-records search, which the buyer failed to do. The grant of summary judgment to the defendant seller was upheld based upon the doctrine of caveat emptor and the rule that a buyer of real estate has "no right to rely upon oral representations regarding the property transferred where the true facts are equally open to both parties." Id. at ¶ 17. Here, appellants' claim is not based upon oral representations by Firelands, but rather Firelands' failure to disclose a certain easement. Moreover, the doctrine of caveat emptor only imposes a duty upon a seller or seller's agent to disclose only those defects known by the seller that could not be readily discovered by a reasonable inspection. *Layman v. Binns* (1988), 35 Ohio St.3d 176, 177, 519 N.E.2d 642; *Blake v. John Doe 1* (1993), 89 Ohio App.3d 130, 133, 623 N.E.2d 1229. Appellants are also the named insureds in the policy issued by Firelands for General Title.

{¶ 14} Assuming that all facts in the complaint are true, appellants have sufficiently pleaded a claim against Firelands. Appellants have alleged that Firelands had a duty to disclose all easements of record, that it failed to disclose an easement of record, and that the particular easement prevented them from constructing their residence as planned and approved. Firelands has not argued

---

2. Firelands bases its arguments in part on a recorded easement and a plat map attached to its appellate brief. It is well established that reviewing courts "cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraph one of the syllabus. We may not consider new evidence that was not a part of the trial court proceedings. *Papadelis v. First Am. Sav. Bank* (1996), 112 Ohio App.3d 576, 581, 679 N.E.2d 356.

that appellants lack privity of contract. Because it does not appear beyond a doubt that appellants can prove no set of facts entitling them to recovery, appellants' first assignment of error is well taken.

{¶ 15} Next, we turn to the trial court's grant of Lakeside's motion to dismiss. The trial court's entry states only that it found Lakeside's arguments in support of dismissal justified. In their complaint, appellants asserted that Lakeside was the owner and lessor of the subject real property; that appellants closed the purchase on December 17, 2002; that on September 3, 2003, Lakeside approved the building of a two-story residence on the lot; that appellants were unable to build their residence due to the particular sewer easement previously discussed. First, appellants allege in the fourth count that Lakeside knew or should have known of the existence of the sewer line in dispute and negligently failed to disclose its existence to appellants. Second, appellants allege in the fifth count that Lakeside made knowing misrepresentations when it gave appellants permission to construct their planned residence. Third, appellants allege in the sixth count that Lakeside improperly permitted Borean to split the original lot and then negligently failed to disclose the improper split.

{¶ 16} Lakeside argues that the first claim fails on its face because Ohio does not recognize a cause of action for negligent failure to disclose. Even assuming, as we must for testing the sufficiency of the complaint, that Lakeside knew of the sewer easement missing from Firelands' title search, appellants' claim would fail. A negligent misrepresentation occurs when one "supplies *false information* for the guidance of others." (Emphasis sic.) *Leal v. Holtvogt* (1998), 123 Ohio App.3d 51, 62, 702 N.E.2d 1246, quoting *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.* (1996), 115 Ohio App.3d 137, 149, 684 N.E.2d 1261, quoting 3 Restatement of the Law 2d, Torts (1977), 126–127, Section 552(1), adopted in *Delman v. Cleveland Hts.* (1989), 41 Ohio St.3d 1, 4, 534 N.E.2d 835. A "[n]egligent misrepresentation does not lie for omissions; there must be some affirmative false statement." Id. Thus, the trial court properly dismissed the fourth count of appellants' complaint. Appellants' third claim, listed in the sixth count of their complaint, must fail for the same reason; appellants allege only that Lakeside negligently failed to disclose that Borean had improperly split her original lot into two parcels.

{¶ 17} For similar reasons, appellants' claim that Lakeside made knowing misrepresentations when it permitted them to construct their residence also fails. The doctrine of caveat emptor only requires sellers of real estate to disclose that which is not discoverable by resort to public filings and matters of record, as in *Findlay Ford,* 3d Dist. No. 5–02–67, 2004-Ohio-541, 2004 WL 231511. The doctrine applies when "(1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the

unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns*, 35 Ohio St.3d 176, 519 N.E.2d 642. Appellants insist, however, that the separate issue of whether a claim lies for Lakeside's alleged negligence in approving Borean's lot split must survive. The original parcel split was also a matter of record and is clearly reflected in the materials attached to appellants' policy of title insurance received prior to or at closing; thus, the complaint itself shows that the "true facts" were discoverable by appellants. *Parahoo v. Mancini* (Apr. 14, 1998), 10th Dist. No. 97APE08–1071, 1998 WL 180539, citing *Traverse v. Long* (1956), 165 Ohio St. 249, 252, 59 O.O. 325, 135 N.E.2d 256. The trial court did not err in dismissing appellants' claims against Lakeside. Appellants' second assignment of error is not well taken.

{¶ 18} For the foregoing reasons, the judgment of the Ottawa County Court of Common Pleas dismissing appellants' claims against Lakeside is affirmed. The judgment dismissing appellants' claim against Fireside is reversed, and the cause is remanded for further proceedings consistent with this decision. Appellants are ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Firelands is ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

PIETRYKOWSKI and PARISH, JJ., concur.