DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted appellees' motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Joann Pepper, personally and on behalf of her minor child Elizabeth Vasquez, sets forth the following two assignments of error:
 {¶ 3} "I. The trial court erred in failing to determine that any provision of R.C. 2744.01, et seq., that would apply to make a public school board and its employee immune from liability under facts and conduct for which a private educational institution and teacher would be liable, is unconstitutional as `contravening the most elemental notions of due process of law', as `incompatible with the constitutional standard of equal protection', as `denying the spirit of our constitutional guarantee that every person is entitled to a legal remedy for injury to his person', and erred in dismissing the complaint for failure to state a claim.
 {¶ 4} "II. The trial court erred in dismissing the federal civil rights, 42 U.S.C. 1983 claim as a matter of law."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. This case stems from an incident occurring during a physical education class in the Toledo Public School system. On February 11, 2005, appellant's daughter presented a written excuse to her substitute physical education teacher at Woodward High School. The teacher instructed Vasquez that she would receive an "F" for that particular day if she failed to participate in class. Vasquez elected to participate in the class in lieu of receiving a failing mark for the day. During her physical education class, Vasquez was struck with a ball and injured.
 {¶ 6} On July 8, 2005, Pepper filed a complaint alleging negligence against the Toledo Board of Education. The Board responded with a motion to dismiss asserting any such claims were barred by Ohio's sovereign immunity statutes set forth in R.C. Chapter 2744. On September 7, 2005, Pepper filed an amended complaint naming the substitute gym teacher as a defendant. Pepper's amended complaint alleged recklessness against the gym teacher, alleged violations of Vasquez's constitutional rights against the Board, and alleged that the application of R.C. Chapter 2744 to this case is unconstitutional.
 {¶ 7} The Board filed a Civ.R. 12(B)(6) motion to dismiss the amended complaint. The Board's motion to dismiss asserted that the claims against it were barred by its statutory sovereign immunity pursuant to R.C. Chapter 2744. The Board also agued that the application R.C. Chapter 2744 to this case is not unconstitutional, and asserted that Pepper's amended complaint failed to sufficiently state a federal civil rights claim against the Board pursuant to Section 1983, Title 42 U.S. Code. Pepper filed a memorandum in opposition to the Board's motion to dismiss. The Board submitted a reply memorandum in support of its motion to dismiss.
 {¶ 8} On June 6, 2006, the trial court issued its judgment granting the Board's motion to dismiss. The trial court determined that the Board is protected from liability in this matter pursuant to R.C. 2744.01(F). That statutory provision expressly classifies school districts as political subdivisions granted immunity under R.C. Chapter 2744. The trial court next examined the statutory exceptions to liability immunity set forth in R.C. 2744.02(B) to conclude whether any of the exceptions were applicable in this case.
 {¶ 9} The statutory exceptions to sovereign immunity under Ohio's statutory scheme include the operation of a motor vehicle, the failure to adequately maintain public roads, physical defects in government used buildings, and matters of express statutory liability. The trial court held that none of these exceptions were applicable to this case. The trial court simultaneously found R.C. Chapter 2744 constitutional as applied to this case. The court then concluded R.C. 2744.01 (F) barred appellant's state claims.
 {¶ 10} The trial court next considered appellant's federal civil rights claim of a violation in Vasquez's constitutionally protected personal security interest pursuant to Section 1983, Title 42, U.S. Code. To demonstrate the merits of this claim, appellant relied uponRoe v. Hamilton Cty. Dept. of Human Serv. (1988), 53 Ohio App.3d 120.
 {¶ 11} The trial court examined Roe and concluded that it was materially distinguishable from the instant case. The trial court determined Roe failed to advance the proposition of a federal constitutional violation against Vasquez. In its analysis, the trial court noted that Roe entailed two minor girls in the legal custody of the state being permitted to leave the state facility where they were housed without any supervision despite specific prior knowledge by the state of the risk of flight and a corresponding failure of the state to take any measures to minimize the risk of unsupervised flight from their premises of the minors in their custody. Both girls in Roe were sexually assaulted while off on their unsupervised departure.
 {¶ 12} By contrast, Vasquez's incident incurred during a supervised class taking place on state property. In addition, the Board had no advance knowledge of the risk in this case. The trial court found appellant failed to furnish any relevant support for her federal claim. Given appellant's failure to demonstrate entitlement to relief under state or federal law, the trial court concluded that Pepper's amended complaint failed to state a claim for which relief could be granted and dismissed it pursuant to Civ.R. 12(B)(6). Appellant filed a timely notice of appeal.
 {¶ 13} In her first assignment of error, appellant claims the trial court erred in granting the Board's Civ.R. 12(B)(6) motion to dismiss. In support, appellant furnishes a comprehensive legislative and case law history of how Ohio treated sovereign immunity prior to the 1985 enactment of R.C. 2744.01, et seq. Appellant maintains R.C. 2744.01 is unconstitutional as applied to this case.
 {¶ 14} The standard of appellate review of dismissals granted pursuant to Civ.R. 12(B)(6) is well established. We review such trial court rulings de novo. Battersby v. Avatar, Inc., 157 Ohio App.3d 648,2004-Ohio-3324, ¶ 5. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548. A Civ.R. 12(B)(6) motion to dismiss should be granted only when a plaintiff can prove no set of facts that would entitle her to relief. O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus.
 {¶ 15} In applying the appellate standard of review to the trial court's Civ.R. 12(B)(6) dismissal of Pepper's amended complaint, we must first examine the state law portion of this case. The propriety of the trial court ruling as pertaining to the state law portion of the case stems from its application of R.C. Chapter 2744 to the instant case.
 {¶ 16} We have thoroughly reviewed the record and relevant legal authority pertaining to the issues raised in this case. Appellant's reliance upon pre-1985 authority and legislative trends obliges us to note that R.C. Chapter 2744 remains valid law in the state of Ohio. In the face of repeated prior challenges, Ohio's sovereign immunity statues have been affirmed and upheld.
 {¶ 17} Given the legitimacy of sovereign immunity in Ohio, we concur with the trial court that appellees are entitled to general immunity pursuant to R.C. 2744.01(F). We have carefully reviewed the specific statutory exceptions to general immunity enumerated in R.C. 2744.02(B). None of the statutory exceptions negating immunity are applicable in this case.
 {¶ 18} Given the above, we find that appellant's state claims against appellees are barred by R.C. 2744.01, et seq. Vasquez suffered an unfortunate incident and injury. Nevertheless, R.C. 2744.01, et seq. is not unconstitutional as applied to this case. As such, R.C. 2744.01, et seq. bars appellant's state claims. Appellant's first assignment of error is not well-taken.
 {¶ 19} In support of her second assignment of error, appellant contends the trial court erred in dismissing her federal claim filed under Section 1983, Title 42, U.S. Code. In support of the second assignment, appellant recites her subjective characterization of the facts and requests the case be remanded for, "further development" of the federal claim pursuant to case of Roe v. Hamilton Cty. Dept. ofHuman Serv. (1988), 53 Ohio App.3d 120.
 {¶ 20} We need not belabor our analysis on this second assignment other than to concur with the trial court's rationale in finding theRoe case materially distinguishable from this case. Roe entailed two minor girls in the legal custody of the state residing in a state facility being neglected in the face of a known risk enabling them to leave the premises unsupervised. After leaving the state premises where they resided, the two girls were both victims of sexual assault.
 {¶ 21} By contrast, in the case at hand, Vasquez's incident occurred on state premises, under state supervision, and did not transpire in the face of a known risk of harm. The Board had no knowledge of any risk in this case. Roe is inapplicable to the purported federal claim. Appellant's second assignment of error is found not well-taken.
 {¶ 22} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J.
Mark L. Pietrykowski, P.J.
Thomas J. Osowik, J.
CONCUR.