[Cite as *Mendoza v. Seger*, 2019-Ohio-4284.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Anita N. Mendoza | Court of Appeals No. L-19-1071 |
| Appellant | Trial Court No. CI0201804492 |
| v. | |
| Justin Lee Seger, et al. | **DECISION AND JUDGMENT** |
| Appellee | Decided: October 18, 2019 |

* * * * *

Mary M. Bollinger, for appellant.

Rhonda G. Hall, for appellee Progressive Specialty Insurance Company.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal from the judgment of the Lucas County Court of Common Pleas, General Division, granting a motion for judgment on the pleadings and dismissing a re-filed case with prejudice. Because we find the trial court considered matters beyond the pleadings in ruling on the motion, we reverse.

## I. Facts and Procedural Background

{¶ 2} In October 2015, appellant Anita N. Mendoza and Justin Lee Seger were involved in a motor vehicle accident on the Anthony Wayne Trail near South Avenue. As Mendoza slowed to turn onto South Avenue, Seger failed to slow, and as a result, Mendoza alleges that she and her vehicle sustained injuries and damages. At the time, Seger was an uninsured driver. Mendoza had coverage pursuant to a policy purchased from appellee Progressive Specialty Insurance Company. Mendoza also had healthcare coverage through Medicaid.

{¶ 3} On November 30, 2018, Mendoza filed suit in Lucas County Court of Common Pleas case No. CI0201804492. In her pleading, Mendoza asserted a claim against Seger and Progressive, and named the Ohio Tort Recovery Unit of the Ohio Department of Medicaid as an interested party. In Count 1, Mendoza alleged a negligence claim against Seger, seeking recovery for injuries and damages caused by Seger's alleged negligence in causing the automobile collision. In Count 2, Mendoza asserted a claim against Progressive, seeking uninsured/underinsured (UM/UIM) driver coverage through her policy with Progressive. Mendoza also named the Department of Medicaid in Count 3, acknowledging its interest based on a Medicaid lien placed against any award of damages. Mendoza's pleading did not reference any prior action or otherwise indicate that her complaint was a re-filed suit. Mendoza also did not attach a copy of the Progressive policy of insurance.

2.

{¶ 4} On December 13, 2018, Progressive filed an answer, admitting to a policy of insurance issued to Mendoza, but otherwise denying that any coverage applied in the case. Progressive did not attach a copy of the policy to its pleading. Progressive raised affirmative defenses that included a statute of limitations defense, and also asserted a cross-claim against Seger, seeking judgment against him should Progressive be found liable to Mendoza. Progressive's pleading did not reference any prior action.

{¶ 5} On January 7, 2019, the Ohio Department of Medicaid filed its answer, asserting a right of recovery for the cost of medical services and care provided to Mendoza as provided by R.C. 5160.37. This pleading, likewise, contained no reference to any prior action.

{¶ 6} Seger filed no answer in response to the complaint. Seger also filed no response to the cross-claims of Progressive and the Department of Medicaid.

{¶ 7} Almost immediately, Progressive filed a motion seeking judgment on the pleadings, arguing Mendoza failed to refile her complaint within the time provided under Ohio's Savings Statute, R.C. 2305.19. Progressive's motion referenced, for the first time in the proceedings, a prior filing in 2017, case No. CI0201704435. Progressive attached entries from that 2017 case as exhibits to its motion.

{¶ 8} Mendoza filed no response in opposition to Progressive's motion, and on January 14, 2019, the trial court deemed the matter decisional and denied the motion. In considering the issue, however, the trial court addressed the merits of Progressive's affirmative defense, and not the sufficiency of Mendoza's claims. The trial court

3.

referenced the 2017 case and found the dismissal was filed-stamped on December 7, 2017, and determined the November 30, 2018 re-filing date to be within the one-year period provided under R.C. 2305.19.

{¶ 9} On March 3, 2019, Progressive filed a motion for reconsideration, arguing Mendoza filed her dismissal on November 16, 2017, even though she filed under an incorrect case number. In support, Progressive provided a copy of an entry file-stamped on November 16, 2017, containing the correct case caption, but an incorrect case number, case No. CI0201702650. Based on this new exhibit, the trial court once more considered the merits of Progressive's affirmative defense, and granted the motion for judgment on the pleadings as to all claims. Despite Seger's default and waiver of defenses regarding Mendoza's negligence claim, and despite the Department of Medicaid's asserted subrogation interest, the trial court dismissed the entire case with prejudice. It is from this decision that Mendoza appeals, arguing the following assignment of error:

THE COURT ERRED IN DISMISSING [MENDOZA'S] CASE WITH PREJUDICE AS HAVING BEEN FILED OUTSIDE OF THE TIME REQUIRED.

## II. Analysis

{¶ 10} In challenging the trial court's dismissal with prejudice, Mendoza argues the merits of a timely-filed 2018 action. Specifically, Mendoza acknowledges that she dismissed the 2017 case pursuant to Civ.R. 41(A)(1) on November 16, 2017, but because she used an incorrect case number and was directed to file the dismissal with the correct

4.

case number on December 7, 2017, her refiling on November 30, 2018, based on the December 7 dismissal, was timely. Progressive, in response, disputes the merits of Mendoza's argument. The pleadings in the case on appeal, however, do not permit a review of the merits of the parties' dispute regarding a timely re-filing.

{¶ 11} Progressive moved for judgment on the pleadings, pursuant to Civ.R. 12(C). A motion for judgment on the pleadings presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). In reviewing a decision that grants judgment on the pleadings and dismisses a proceeding for failure to state a claim, we apply a de novo standard. *McMullian v. Borean*, 167 Ohio App.3d 777, 2006-Ohio-3867, 857 N.E.2d 180, ¶ 8 (6th Dist.), citing *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46, ¶ 5 (1st Dist.).

{¶ 12} "A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." (Citations omitted.) *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001). Therefore, in ruling on a Civ.R. 12(C) motion, a trial court must deem all material allegations in the complaint as true, with all reasonable inferences, drawn from those allegations, construed in favor of the nonmoving party. *Id.,* citing *Peterson* at 165-166.

{¶ 13} In order to dismiss based on Progressive's statute of limitations defense, *the pleadings* must demonstrate an untimely complaint, as a motion seeking dismissal based on this affirmative defense "is erroneously granted where the complaint does not

5.

show on its face the action is barred by the statute of limitations." *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, 379, 433 N.E.2d 147 (1982), citing *Scheer v. Air-Shields, Inc.*, 61 Ohio App.2d 205, 208, 401 N.E.2d 478 (1st Dist.1979); *Durham v. Anka Research Limited*, 60 Ohio App.2d 239, 396 N.E.2d 799 (1st Dist.1978); *see also Snyder v. Gleason Consrt.*, 6th Dist. Lucas No. L-12-1187, 2013-Ohio-1930, ¶ 17-18 (consideration of matters outside the four corners of the pleadings is improper, with dismissal proper "only when the complaint shows conclusively on its face" that it is time-barred).

{¶ 14} In this case, Mendoza alleged a negligence claim against Seger arising from a motor vehicle collision in 2015 and a claim asserting a contractual right to uninsured motorist coverage pursuant to a policy issued to Mendoza by Progressive. Additionally, Mendoza joined the Department of Medicaid in the suit, based on its subrogation interest in any recovery awarded to Mendoza on her claims.

{¶ 15} Mendoza served a copy of her pleading on Seger on December 10, 2018, evidenced by signed receipt. Seger failed to file an answer to Mendoza's complaint. Therefore, even if the applicable statute of limitations might bar Mendoza's negligence claim, Seger waived a statute of limitations defense. *See Drenning v. Blue Ribbon Homes*, 6th Dist. Fulton No. F-06-001, 2007-Ohio-1323, ¶ 74, citing *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 505 (1998) ("[T]he statute of limitations defense is waived if not raised in the pleadings or by an amendment to the pleadings.") Accordingly, based solely on the pleadings, Mendoza's negligence claim

6.

against Seger was sufficient, and the Department of Medicaid's subrogation interest remained for adjudication. The trial court erred in dismissing these claims based on Progressive's motion.[1]

{¶ 16} Mendoza also asserted a contract claim against Progressive, seeking UM/UIM coverage pursuant to her Progressive insurance policy. Pursuant to R.C. 3937.18(H), a claim may be limited to "within three years after the date of the accident causing the bodily injury * * * or within one year after the liability insurer for the owner or operator of the motor vehicle liable to the insured has become the subject of insolvency proceedings in any state, whichever is later." Progressive might have varied the limitations period, however, within its policy, permissible "as long as the shorter period is a reasonable one." *Angel v. Reed*, 119 Ohio St.3d 73, 2008-Ohio-3193, 891 N.E.2d 1179, ¶ 11.

{¶ 17} In seeking judgment on the pleadings, Progressive acknowledged Mendoza's 2018 case as a re-filed proceeding, and argued that Mendoza failed to re-file within the one-year period provided in the savings statute, R.C. 2305.19. Considering

---

[1] While not raised as error, we note that the record contains no motion requesting dismissal of either Mendoza's claim against Seger or the claim asserting the Department of Medicaid's subrogation interest. Therefore, the trial court *sua sponte* dismissed these claims, without motion. "The Rules of Procedure neither expressly permit nor forbid courts to *sua sponte* dismiss complaints. Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) * * * only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). Because we reverse on other grounds, we need not consider whether this issue presents plain error for our review.

7.

only the pleadings in this case, however, the prior action and the dismissals filed are not referenced within the pleadings and, therefore, not before the court. Furthermore, the policy of insurance, which might recite a shorter limitations period for suit under the policy, is neither referenced within the pleadings nor attached to Mendoza's complaint or Progressive's answer.

{¶ 18} While Progressive attached the dismissals from the prior action as exhibits to its motion, a court may not consider matters outside the pleadings in ruling on a motion for judgment on the pleadings. *McMullian v. Borean*, 167 Ohio App.3d 777, 2006-Ohio-3867, 857 N.E.2d 180, ¶ 8 (6th Dist.). Even if the trial court wished to consider the additional matters pursuant to Civ.R. 56, moreover, "no legal authority exists in Ohio for a trial court to convert a Civ.R. 12(C) motion into one for summary judgment." *Kuhn v. Schmidt Bros., Inc.*, 6th Dist. Lucas No. L-07-1235, 2008-Ohio-1567, ¶ 10, citing *Piersant v. Bryngelson*, 61 Ohio App.3d 359, 362, 572 N.E.2d 800 (8th Dist.1989).

{¶ 19} In granting Progressive's motion, the trial court relied on additional matters, not contained within the pleadings. The trial court referenced the prior suit filed in 2017, as well as the dismissal filed on November 16, 2017. Mendoza's complaint and Progressive's answer, however, do not conclusively demonstrate that the statute of limitations bars Mendoza's claims, based solely on the four corners of the pleadings. The trial court, therefore, erred in dismissing Mendoza's claim against Progressive, and we find Mendoza's sole assignment of error well-taken.

8.

### III.  Conclusion

**{¶ 20}** For the forgoing reasons, we reverse the judgment of the Lucas County Court of Common Pleas.  Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, P.J. _____

Gene A. Zmuda, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.