[Cite as *Johnson v. Kandel*, 2022-Ohio-4025.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JUSTIN LAMAR JOHNSON | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022CA00024 |
| STEPHEN KANDEL | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 2021CV01151


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      November 10, 2022


APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

JUSTIN LAMAR JOHNSON      NO APPEARANCE
PRO SE
1004 8th Street, NE
Canton, Ohio 44704

*Wise, J.*

**{¶1}** Plaintiff-Appellant Justin Jordan appeals from the December 15, 2021, Judgment Entry by the Stark County Court of Common Pleas granting Appellee's Motion to Dismiss. Defendant-Appellee is Stephen Kandel. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** In 2016, Appellant was indicted in the Stark County Court of Common Pleas for discharging a firearm on or near a prohibited premise, felonious assault, and having a weapon under disability. Appellee, then counsel for Appellant, requested the trial court bifurcate the proceedings and permit the first two charges to be tried by a jury and have the weapon-disability charge tried to the bench.

**{¶3}** On March 24, 2016, the jury acquitted Appellant of the first two charges, but the trial court found him guilty of having a weapon under disability and sentenced him to twenty-four months of imprisonment.

**{¶4}** This Court reversed and remanded his conviction holding, in part, the trial court failed to follow R.C. §2945.05 and Crim.R. 23(A) by failing to obtain his written consent to a waiver of his right to a jury trial. *State v. Johnson*, 5th Dist. Stark No. 2016CA00119, 2017-Ohio-1251, ¶18. The case was never retried, and his conviction was expunged.

**{¶5}** In May of 2018, Appellant filed a complaint against Stark County Common Pleas Court Judge Joseph Gibson in Federal Court, arguing the judge violated his right to trial by jury. The United States District Court for the Northern District of Ohio dismissed the complaint, holding that Judge Gibson was entitled to absolute judicial immunity.

**{¶6}** In October of 2019, Appellant filed another complaint in Federal Court against Judge Gibson, the Ohio Attorney General, Stark County Prosecutor, Assistance Prosecutors, and criminal defense attorneys, including Appellee. Appellant claimed the defendants violated his due-process rights by conspiring to convict him without obtaining a written waiver of his right to a jury trial.

**{¶7}** The United States District Court for the Northern District of Ohio dismissed the complaint sua sponte as the complaint is barred by res judicata, and Appellant failed to state a claim upon which relief could be granted.

**{¶8}** On July 22, 2020, the United States Court of Appeals for the Sixth Circuit affirmed the Northern District of Ohio.

**{¶9}** On August 13, 2021, Appellant filed the Complaint in the Stark County Court of Common Pleas alleging Appellee violated his right to a jury trial stemming from the bench trial of his 2016 case for Having a Weapon While Under Disability.

**{¶10}** On September 17, 2021, Appellant filed an Amended Complaint.

**{¶11}** On September 24, 2021, Appellant filed a Second Amended Complaint.

**{¶12}** On October 12, 2021, Appellant filed a Third Amended Complaint. In his Third Amended Complaint, Appellant alleged that in March of 2016, Appellee, through his legal malpractice and fraud, deprived him of effective legal counsel, put him twice in jeopardy, deprived him of the right to be free from slavery and involuntary servitude as well as his right to liberty without due process, and led to his wrongful conviction.

**{¶13}** On December 15, 2021, Appellee filed a Motion to Dismiss based upon the Statute of Limitations.

{¶14} On December 20, 2021, Appellant filed a Memo in Opposition to Defendant's Motion to Dismiss.

{¶15} On January 31, 2021, the trial court granted Appellee's Motion to Dismiss.

**ASSIGNMENTS OF ERROR**

{¶16} Appellant filed a timely notice of appeal and herein raises the following four Assignments of Error:

{¶17} "I. ON JANUARY 31ST OF 2022, IN THE JUDGMENT ENTRY IN CONSIDERATION OF THE APPELLANTS [sic] COMPLAINT, THE TRIAL COURT ERRED BY DISMISSING THE APPELLANT'S COMPLAINT BY RULING THAT IT APPEARS TO BE MAKING LEGAL MALPRACTICE CLAIMS PREVIOUSLY RAISED IN THE DISTRICT COURT.

{¶18} "II. ON JANUARY 31ST OF 2022, IN THE JUDGMENT ENTRY IN CONSIDERATION OF THE APPELLANTS [sic] COMPLAINT, THE TRIAL COURT ERRED BY RULING THAT THE APPELLANT'S CLAIM WAS BARRED BECAUSE IT PRESENTED THE SAME FACTUAL ALLEGATIONS AGAINST THE APPELLEE AS THE PREVIOUS COMPLAINT.

{¶19} "III. ON JANUARY 31ST OF 2022, IN THE JUDGMENT ENTRY IN CONSIDERATION OF THE APPELLANTS [sic] COMPLAINT, THE TRIAL COURT ERRED BY RULING THAT THE APPELLANT'S COMPLAINT WAS BROUGHT AFTER THE STATUTE OF LIMITATIONS FOR LEGAL MALPRACTICE, CIVIL FRAUD, CONSTRUCTIVE FRAUD, AND FRAUDULENT MISREPRESENTATION.

{¶20} "IV. ON JANUARY 31ST OF 2022, IN THE JUDGMENT ENTRY IN CONSIDERATION OF THE APPELLANT'S MOTION FOR SUMMARY JUDGEMENT

[sic], THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION FOR SUMMARY JUDGEMENT [sic]."

**{¶21}** For the purpose of judicial economy, we will address Appellant's assignments of error out of order.

**III.**

**{¶22}** In Appellant's third Assignment of Error, Appellant argues the trial court erred by granting Appellee's Motion to Dismiss was filed beyond the Statute of Limitations. We disagree.

**{¶23}** Our standard of review on a Civ.R. 12(B)(6) Motion to Dismiss is *de novo*. *Battersby v. Avatar, Inc.*, 1st Dist. No C-030774, 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46, ¶5. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. Of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A Civ.R. 12 (B)(6) motion to dismiss should be granted only when a plaintiff can prove no set of facts that would entitle him or her to relief. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Under a *de novo* analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

**{¶24}** The trial court dismissed Appellant's claim of fraud and legal malpractice because they were barred by the statute of limitations. Under Ohio law, claims of legal malpractice are governed by a one-year statute of limitations. R.C. §2305.11(A). The cause of "action for legal malpractice accrues and the statute of limitations begins to run

when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney[.]" *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398, 401 (1989).

**{¶25}** The applicable statute of limitations for fraud is four years. R.C. §2305.09(D).

**{¶26}** In the case *sub judice*, we find that the cognizable event whereby Appellant should have discovered he was injured by Appellee's alleged actions and was put on notice of his need to pursue possible remedies against Appellee was on March 24, 2016 when the jury trial for Counts One and Two were bifurcated from the bench trial for Count Three, the jury found Appellant not guilty on Counts One and Two, and the judge found Appellant guilty on Count Three. At this time, Appellant should have realized he did not waive his right to a jury trial on Count Three.

**{¶27}** Under R.C. §2305.11(A), a legal malpractice action must be brought within a year after the cause of action accrued, and under R.C. §2305.09(D) a fraud action must be brought within four years after the cause of action accrued. Since this complaint was filed on August 13, 2021, more than five years after March 24, 2016, the fraud and legal malpractice action is barred by Ohio's statute of limitations.

**{¶28}** Accordingly, Appellant's third Assignment of Error is overruled.

**I., II., IV.**

{¶29} Due to our disposition in the third Assignment of Error, we refrain from analyzing Assignments of Error one, two, and four.

{¶30} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/br 1103