**MOFFITT, Appellant,**

v.

**AUBERLE, Appellee.**

[Cite as *Moffitt v. Auberle,* 167 Ohio App.3d 120, 2006-Ohio-3064.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–05–1333.

Decided June 16, 2006.

Rebecca L. West–Estell, for appellant.

Peter R. Casey III and Roy V. Pitman, for appellee.

---

SINGER, Presiding Judge.

{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, which dismissed appellant's complaint for failure to state a claim pursuant to Civ.R. 12(B)(6). Because we conclude that the trial court erred in dismissing the complaint, we reverse.

{¶ 2} Appellant, Brenda Moffitt, filed suit against appellee, Dr. James Auberle, alleging negligence when he or his employees failed to send notice to her employer that she was medically unable to attend work. Appellant's complaint alleges that after providing medical treatment to her, appellee advised appellant that she was unable to return to work and, ultimately, that he agreed to provide medical documentation to this effect to her employer. Relying on this representation, appellant did not return to work based upon the medical restrictions

issued by appellee. Appellant was fired from her job, allegedly because the employer did not receive notice of appellant's medical restrictions.

{¶ 3} The complaint further alleges that although appellee's office employees affirmatively represented to appellant that they had faxed the information to her employer, no proof of this could be found either from her employer's daily fax records or from appellee's office records. Appellant then listed her alleged damages, including that she was permanently terminated from her employment, that she was forced to sell her home and belongings to cover her expenses, and that she lost her medical benefits through her employer that must now be covered at significant expense through the Consolidated Omnibus Budget Reconciliation Act ("COBRA") health provisions. The complaint finally states that appellee's "negligence is the actual and proximate cause of [appellant's] losses."

{¶ 4} Appellee filed a Civ.R. 12(B)(6) motion to dismiss, stating that appellant's claim for "negligent interference with a business relationship" was a cause of action that does not exist under Ohio law. The trial court granted appellee's motion and dismissed the complaint.

{¶ 5} Appellant now appeals from that judgment, arguing the following sole assignment of error:

{¶ 6} "Appellant should be entitled to recover damages as a result of appellee's actions."

{¶ 7} The standard of review for dismissals granted pursuant to Civ.R. 12(B)(6) is de novo. *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46, at ¶ 5. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. All of the complaint's factual allegations must be considered to be true, and all reasonable inferences must be drawn in favor of the plaintiff. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. A Civ.R. 12(B)(6) motion to dismiss should be granted only when a plaintiff can prove no set of facts that would entitle her to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

{¶ 8} In this case, the trial court granted dismissal of appellant's entire complaint solely upon a claim of negligent interference with a business relationship. Although we agree that no such claim is cognizable under Ohio law, appellant's complaint broadly provided notice of her claim for "negligence." Under our system of notice pleading and construing all the facts to be true as alleged, we must consider whether appellant's complaint could support any other claims based upon a negligence theory.

 {¶ 9} The elements of negligent misrepresentation are:

{¶ 10} " 'One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' " *Manno v. St. Felicitas Elementary School,* 161 Ohio App.3d 715, 2005-Ohio-3132, 831 N.E.2d 1071, at ¶ 33, quoting 3 Restatement of the Law 2d, Torts (1965) 126–127, Section 552(1), applied by the Supreme Court of Ohio in *Gutter v. Dow Jones, Inc.* (1986), 22 Ohio St.3d 286, 22 OBR 457, 490 N.E.2d 898, and *Haddon View Invest. Co. v. Coopers & Lybrand* (1982), 70 Ohio St.2d 154, 24 O.O.3d 268, 436 N.E.2d 212. See, also, *Martin v. Ohio State Univ. Found.* (2000), 139 Ohio App.3d 89, 104, 742 N.E.2d 1198.

 {¶ 11} "A negligent misrepresentation does not lie for omissions; there must be some affirmative false statement." *Manno,* 161 Ohio App.3d 715, 2005-Ohio-3132, 831 N.E.2d 1071, at ¶ 34, citing *Leal v. Holtvogt* (1998), 123 Ohio App.3d 51, 62, 702 N.E.2d 1246. "Liability for negligent misrepresentation is based upon the negligence of the actor in failing to exercise reasonable care or competence in supplying correct information." *Marasco v. Hopewell,* 10th Dist. No. 03AP–1081, 2004-Ohio-6715, 2004 WL 2895973, at ¶ 53, citing 4 Restatement of the Law 2d, Torts (1977), Section 552, Comment a. " 'A representation made with an honest belief in its truth may still be negligent, because of lack of reasonable care in ascertaining the facts, or in the manner of expression, or absence of the skill and competence required by a particular business or profession.' " Id. at ¶ 53, quoting *Martin,* 139 Ohio App.3d at 103–104, 742 N.E.2d 1198. Whether an actor used reasonable care in acquiring or communicating information is a question for the jury, "unless the facts are so clear as to permit only one conclusion." *Marasco,* 2004-Ohio-6715, 2004 WL 2895973, at ¶ 53, citing 4 Restatement of the Law 2d, Torts (1977), Section 552, Comment e; see, also, *Gentile v. Ristas,* 160 Ohio App.3d 765, 2005-Ohio-2197, 828 N.E.2d 1021, at ¶ 78.

 {¶ 12} In this case, the complaint alleges that despite appellee's affirmative agreement to provide medical documentation and his office staff's assurance and belief to the contrary, no fax or other documentation was ever sent to appellant's employer. Therefore, the representations made by appellee or his office staff that they would provide or had faxed the documentation concerning her inability to return to work to her employer were allegedly false.

{¶ 13} Appellant also alleges that she relied on this false representation to her detriment, losing her job and incurring other consequential damages. We agree

that the trial court's dismissal of a claim based upon negligent interference with a business relationship was proper, since no such claim exists under Ohio law. Nevertheless, because the facts alleged provide notice of at least one other viable negligence claim, the trial court erred in dismissing appellant's entire complaint. For purposes of the Civ.R. 12(B)(6) motion to dismiss, we conclude that the complaint at least on its face supports a claim for negligent misrepresentation.

{¶ 14} Accordingly, appellant's sole assignment of error is well taken. Appellee's motion for attorney fees is not well taken and is denied.

{¶ 15} The judgment of the Lucas County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed.

HANDWORK and PIETRYKOWSKI, JJ., concur.