DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas. The following facts are pertinent to our disposition of this cause.
 {¶ 2} In July 1997, appellant, Brenda Moffitt, began working at MacLean Freeflow, L.L.C. ("Freeflow"), as a press operator. In January 2003, appellant was not "feeling steady on [her] feet," so her primary care physician sent her for an MRI *Page 2 
(Magnetic Resonance Imaging). The MRI revealed a dark spot at the back of appellant's brain that her physician believed was the result of "an old stroke." Her physician wrote a note excusing her from work until April 30, 2003, and referred her to appellee, James Auberle, M.D., who is a neurologist.
 {¶ 3} When appellee saw appellant on April 30, 2003, he decided to increase the dosage of her medication and told her that she would not be able to work for two more weeks. Appellant asked Dr. Auberle for a note excusing her from work for that period. Appellee told her to obtain the note from her primary care physician, but also said that if he refused, appellant should contact appellee's office. Her primary care physician's staff told appellant that she had to get the excuse from appellee. Appellant then contacted Dr. Auberle's office staff and was told that they would fax the medical leave form to her employer.
 {¶ 4} According to appellant, she called her supervisor on April 30 and asked whether he had received the fax. He replied, "No." Appellant then called Dr. Auberle's office and spoke with Denise Turner, a member of appellee's staff. Turner told appellant that the fax was sent to and received by her employer. On May 7, 2003, appellant was notified that her employment was terminated because her employer allegedly had not received a medical excuse from appellee.
 {¶ 5} On May 7, 2004, appellant filed a complaint in the court below asserting that appellee's negligence caused her to be terminated from her employment and requesting actual and punitive damages in excess of $50,000 from appellee. After *Page 3 
answering, appellee filed both a Civ. R. 12(B)(6) motion to dismiss appellant's complaint for failure to state a claim upon which relief could be granted and a motion for summary judgment. The trial court granted the Civ. R. 12(B)(6) motion. Appellant appealed that decision to this court, and we reversed and remanded this cause to the trial court for further proceedings. See Moffitt v. Auberle, 167 Ohio App.3d 120,2006-Ohio-3064.
 {¶ 6} Upon our remand, appellee renewed his motion for summary judgment and appellant filed a cross-motion for summary judgment. On September 13, 2007, the lower court granted appellee's motion for summary judgment, denied appellant's motion for summary judgment, and dismissed this cause, with prejudice.
 {¶ 7} On October 5, 2007, appellant filed a document styled as a motion for relief from judgment. The memorandum in support of said motion does not, however, set forth any ground for relief as set forth in Civ. R. 60(B). Instead, the motion appears to be a motion for reconsideration of the trial court's judgment. Appellant also filed a motion to supplement the record with the following documents that she insisted she recently found stored in her personal belongings: (1) a copy of the "work excuse" supposedly faxed by appellee; (2) three handwritten notes, one in May 2003 and two in July 2003, signed by appellee that indicated that appellant needed to take time off work for medical reasons; and (3) the termination notice sent to appellant by Flowform.
 {¶ 8} On October 16, 2007, appellant filed a notice of appeal in this court seeking review of the trial court's September 13, 2007 grant of summary judgment. We *Page 4 
dismissed appellant's appeal because it was untimely. See Moffitt v.Auberle (Nov. 1, 2007), 6th Dist. No. L-07-1344.
 {¶ 9} On January 7, 2008, appellee filed a memorandum in opposition to appellant's "motion for relief from judgment." The doctor first argued that Moffitt's motion was actually a motion for reconsideration of a final judgment and was, therefore, a nullity under Pitts v. Ohio Dept.Of Transp. (1981), 67 Ohio St.2d 378. Second, he claimed that even in assuming that appellant's motion was one seeking relief from judgment, appellant failed to set forth any of the grounds for such relief as provided in Civ. R. 60(B).
 {¶ 10} In response, appellant maintained that she did have a ground for relief under Civ. R. 60(B)(5), which allows a court to set aside a judgment "for any other reason justifying relief." She further argued that she had a meritorious claim sounding in negligent misrepresentation, a claim that was not raised in appellant's complaint, and that her "motion for reconsideration" was timely filed within 30 days of the trial court's judgment. Appellant's arguments with regard to Civ. R. 60(B)(5) are couched in terms of "newly discovered evidence," i.e., the documents listed in appellant's motion to supplement the record, and the assertion that they create a genuine issue of material fact as to whether appellant negligently misrepresented that the "work excuse" was timely sent to her employer. *Page 5 
 {¶ 11} On February 14, 2008, the trial court denied appellant's "motion for relief from judgment" and her motion to supplement the record. Appellant timely appeals that judgment. She maintains that the following error occurred in the proceedings below:
 {¶ 12} "I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER DEFENDANT/APPELLEE'S ACTIONS OR THOSE OF HIS STAFF CONSTITUTE NEGLIGENT MISREPRESENTATION."
 {¶ 13} For the following reason, we will not address the merits of appellant's assignment of error. First and foremost is the fact that despite its caption, appellant's motion for relief from judgment was actually a motion for reconsideration of a final judgment and is, therefore, a nullity. Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d at 381; Squires v. Luckey Farmers, Inc., 6th Dist. No. OT-05-019,2006-Ohio-1640, ¶ 11. Further, because a motion for reconsideration of a final judgment is a nullity, the judgment stemming from that motion is a nullity. Squires v. Luckey Farmers, Inc., at ¶ 11. Therefore, the February 14, 2008 judgment of the trial court overruling appellant's motion for reconsideration is a nullity and cannot properly be appealed. That appellee and the trial court chose to respond to this motion in the manner that they did does not make it any less of a nullity. Therefore, this appeal must be dismissed.
 {¶ 14} Moreover, even if we were to consider appellant's motion as a Civ. R. 60(B) motion, she does not assert any error, arguments in support thereof, or requisite authorities, as required by App. R. 16(A)(7), with regard to the trial court's denial of the *Page 6 
same. Instead, she contends that the trial court erred in granting appellee's motion for summary judgment on her claim of "negligent misrepresentation." That is, appellant fails to assert how the trial court's denial of the purported Civ. R. 60(B) motion constituted error and focuses on an issue that was not before the trial court or decided by the trial court. Consequently, that issue is not properly before this court.
 {¶ 15} This appeal is dismissed at appellant's costs pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1