[Cite as *Danziger v. Rieman*, 2020-Ohio-216.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Samuel R. Danziger                                    Court of Appeals No. S-19-021

      Appellant                                     Trial Court No. 19-CV-128

v.

Kendall Rieman                                        **DECISION AND JUDGMENT**

      Appellee                                      Decided: January 24, 2020

* * * * *

Samuel R. Danziger, pro se.

Joseph R. Miller and Sarah S. Boudouris, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Samuel Danziger, appeals two judgments of the Sandusky County Court of Common Pleas relative to his complaint for a preliminary and permanent injunction against appellee, Kendall Rieman, President of Croghan Bancshares, Inc. ("Croghan"). For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On February 7, 2019, appellant initiated the present matter by filing a complaint against Stacy Cox, Corporate Secretary of the Board of Directors of Croghan. Appellant subsequently amended the complaint to name appellee as the defendant. The complaint sought a permanent and preliminary injunction to force Croghan to include appellant's two proxy proposals in its 2019 Proxy Statement, and to prevent Croghan from having its annual meeting relative to the 2019 Proxy Statement until the matter was resolved by the courts.

{¶ 3} On March 18, 2019, appellant moved for a preliminary injunction, seeking to enjoin appellee from holding the annual meeting and from issuing the 2019 Proxy Statement without appellant's proxy proposals. Appellee opposed the motion on March 29, 2019, arguing that the issue was moot because Croghan did include the proxy proposals in its 2019 Proxy Statement. Alternatively, appellee argued that the motion should be denied because appellant had failed to satisfy any of the four factors relevant to issuing a preliminary injunction: (1) substantial likelihood of success on the merits, (2) irreparable harm, (3) substantial harm to others, and (4) public interest. On the same day, appellant filed his memorandum in support of his motion for preliminary injunction.

{¶ 4} On April 3, 2019, the trial court denied appellant's motion. In its decision, the trial court examined the four factors, and concluded that appellant failed to satisfy the standard for issuing a preliminary injunction. Specifically, the trial court first found that appellant was not likely to succeed on the merits because appellant has no legal right to

2.

require Croghan to include his proxy proposals. Second, the court found that appellant completely failed to demonstrate what harm would occur if the preliminary injunction was not granted. Third, the court found that issuing a preliminary injunction could be a burden to Croghan and its shareholders because appellant's argument would impose Securities and Exchange Commission ("SEC") requirements on a non-SEC regulated corporation. Finally, the court found that appellant presented no evidence to demonstrate that the public interest would be better served if the injunction was ordered, and thus declined to analyze that factor.

{¶ 5} Thereafter, on April 5, 2019, appellee moved to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Appellee argued that dismissal was appropriate because it was not legally required to include appellant's proxy proposals in its 2019 Proxy Statement. Alternatively, appellee argued that appellant's claims were moot because it nonetheless included his proxy proposals in its 2019 Proxy Statement as evidenced by an affidavit from appellee.

{¶ 6} On a parallel track, on April 11, 2019, appellant moved for the court to revisit its April 3, 2019 denial of appellant's motion for a preliminary injunction pursuant to Civ.R. 60. In his memorandum in support, appellant argued that the matter must be reexamined because although Croghan included his proxy proposals in its 2019 Proxy Statement, it did not include them on the 2019 Proxy Cards. The trial court denied appellant's Civ.R. 60 motion on April 17, 2019.

3.

{¶ 7} On April 22, 2019, the trial court granted appellee's motion to dismiss "[f]or the reasons stated in the Decision Denying [Appellant's] Motion for a Preliminary Injunction, the reasons and bases set forth in [Appellee's] Motion to Dismiss, and for good cause shown."

{¶ 8} On May 2, 2019, appellant filed an "Omnibus Motion for Reconsideration of Civ.R. 12(B)(6) Dismissal and Motion to Amend Complaint." In his motion, appellant argued that he attempted to amend his complaint on April 24, 2019, but his filing was rejected by the clerk. The attached amended complaint was changed to reflect the still outstanding dispute over whether appellant's proxy proposals must be placed on Croghan's 2019 Proxy Cards. The trial court denied appellant's omnibus motion on May 16, 2019.

## II. Assignments of Error

{¶ 9} Appellant has timely appealed the trial court's April 17 and 22, 2019 judgment entries. Notably, appellant attempted to file an amended notice of appeal to include the trial court's May 16, 2019 judgment entry denying his omnibus motion, but we struck his motion to amend his notice of appeal as untimely. Appellant now asserts four assignments of error for our review:

I. The trial court erred to the prejudice of the Appellant by showing an abject disregard toward Pro Se Appellant and Civ.R. 65(B)(2) wherein it failed/refused to hold a Hearing tantamount to Appellant's request in

4.

Appellant's Motion for Preliminary Injunction and in Appellant's Motion to Revisit.

II. The trial court was misguided on its Denial of Appellant's Motion for Preliminary Injunction in that Appellant would prevail on the merits; the first of four crucial factors to be met for the issuance of a Preliminary Injunction.

III. The trial court abused its discretion in reviewing evidence introduced in Appellee's Opposition to Motion for Preliminary Injunction and thereafter not rolling over to a Civ.R. 56(B) Judgment which requires Notice to All Parties, which was not given by the trial court.

IV. The trial court abused its discretion by not granting Appellant's Motion to Amend Complaint.

### III. Analysis

{¶ 10} In his first and second assignments of error, appellant challenges the trial court's denial of his motion for a preliminary injunction. For ease of discussion, we will begin with appellant's second assignment of error.

{¶ 11} "The grant or denial of an injunction is solely within the trial court's discretion and, therefore, a reviewing court should not disturb the judgment of the trial court absent a showing of a clear abuse of discretion." *Garono v. State*, 37 Ohio St.3d 171, 173, 524 N.E.2d 496 (1988). An abuse of discretion connotes that the trial court's

attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} In his second assignment of error, appellant argues that the trial court erred in finding that appellant did not establish a likelihood of success on the merits. To be entitled to a preliminary injunction, a plaintiff must show that "(1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction." *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267, 747 N.E.2d 268 (1st Dist.2000); *Try Hours, Inc. v. Douville*, 2013-Ohio-53, 985 N.E.2d 955, ¶ 20 (6th Dist.).

{¶ 13} The gravamen of appellant's complaint in the trial court was that appellee was required to include appellant's proxy proposals in its 2019 Proxy Statement and Proxy Cards. Appellant, however, acknowledges in his complaint that there is no Ohio law requiring the inclusion of his proposals. Further, appellant acknowledges that Croghan is not regulated by the SEC, and thus is not bound by their rules and regulations regarding proxy proposals. Consequently, appellant's claims have no statutory basis. Instead, appellant nominally asserts principles of equity and common law rights.

{¶ 14} In support of his argument, appellant relies on *Carter v. Portland General Elec. Co.*, 362 P.2d 766 (Or.1961). In that case, the plaintiffs were a group of shareholders that sued to require the defendant corporation to include their objections to a

6.

dam project in the defendant's solicitation of proxies. Appellant cites the reasoning of the Oregon Supreme Court that such inclusion should not be required because the dam project involved extensive engineering, economic, financial, and political considerations, and thus it was impossible to abbreviate the data to the point that any communication with the stockholders could have resulted in any knowing or sensible vote by the stockholders. The Oregon Supreme Court contrasted that fact with a separate case, *Secs. and Exchange Comm. v. Transamerica Corp.*, 163 F.2d 511 (3d Cir.1947), which involved application of SEC regulations, and which pertained to matters to which stockholders could give reasonably intelligent answers. *Carter* at 407. Applying this reasoning, appellant concludes that because the issues in his proposals are simple and readily understood—gender diversity and term limits applicable to the board of directors—they must be included in the Proxy Statement and Proxy Cards.

{¶ 15} Importantly, the language cited by appellant in *Carter* is a secondary reason why the court denied the plaintiffs' request. The first reason set forth in *Carter*—which the trial court relied on in dismissing appellant's motion for preliminary injunction—was that "the imposition of the SEC rules to Oregon corporations not subject thereto could not be made by a court; even in respect to this particular case." *Id.* at 404. The court identified the plaintiffs' position as asking the court to "adopt the spirit of the SEC regulations and hold that the matter plaintiffs wanted to submit to the stockholders' meeting was a 'proper' matter for stockholders' consideration; and that we should judicially compel the defendant officers to permit the stockholders to vote on the issue."

7.

*Id.* at 405. The court noted that the plaintiffs were relying on *Transamerica Corp.*, but found that case to be distinguishable because it pertained to the violation and enforcement of SEC regulations. *Carter* at 406. The court then expounded upon why it would not apply SEC regulations to corporations not subject to SEC supervision:

> Here, if we adopt the rule it would be without limitation. It would apply to any stockholder of any corporation. Nor does there exist any administrative body to make any preliminary determination that a stockholder's proposal is a "proper" one. In simple reality we would be acting in a void. We do not nor is there any means by which we could know the ultimate repercussions of such a rule. We know that it could be invoked for harassing purposes that could only be avoided by extensive litigation. We must be aware that to judicially impose the suggested rules in these circumstances might well impair rather than benefit the orderly development of this important area of the law of corporations.

*Id.* at 406-407.

{¶ 16} Appellant makes no attempt to argue against the persuasive reasoning that formed the basis of the Oregon Supreme Court's decision in *Carter*, regarding why SEC regulations should not be applied to non-SEC regulated corporations. Nor did appellant cite any additional support for his contention that there existed a common law right in favor of shareholders to require a corporation to include the shareholders' proposals in the corporation's proxy statement. Therefore, we hold that the trial court did not abuse

8.

its discretion in determining that appellant did not demonstrate a substantial likelihood of success on the merits, and consequently did not abuse its discretion in denying appellant's motion for a preliminary injunction.

{¶ 17} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 18} In his first assignment of error, appellant argues that the trial court erred when it denied his motion for a preliminary injunction without a hearing. In particular, appellant argues that Civ.R. 65(B)(2) "speaks" to a hearing. Civ.R. 65(B)(2) states, in relevant part, "Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application."

{¶ 19} Ohio courts have recognized that, except where a temporary restraining order has been issued, Civ.R. 65 does not expressly require a hearing on a motion for a preliminary injunction. *See, e.g., Executive Mgt. Servs., Inc., v. Cincinnati State Technical & Community College*, 10th Dist. Franklin No. 11AP-600, 2011-Ohio-6767, ¶ 10 ("Civ.R. 65 specifically *requires* a hearing only if a temporary restraining order has been granted." (Emphasis sic.)). Nonetheless, Ohio courts have held that such a hearing is required before the trial court grants a motion, based upon due process considerations for the defendant. For example, in *Sea Lakes, Inc. v. Sea Lakes Camping, Inc.*, 78 Ohio App.3d 472, 476-477, 605 N.E.2d 422 (11th Dist.1992), the court, in holding that it was error for the trial court to grant a preliminary injunction without a hearing, reasoned, "[s]ince the opposing party will be enjoined from performing certain acts for a period

9.

usually much longer than that associated with a temporary restraining order, that party must be accorded a legitimate opportunity to oppose the injunction." Here, however, the motion was denied. Thus, the question is whether those same due process considerations apply for the plaintiff, such that a hearing is required. We conclude that, in this case, they do not.

{¶ 20} In so concluding, we agree with the reasoning of the Tenth District that "[i]n determining whether a hearing is appropriate to any motion for preliminary injunction, the trial court must exercise its discretion, assess the nature of the allegations and circumstances, and determine whether a hearing is warranted for that particular motion for preliminary injunction." *Executive Mgt. Servs.* at ¶ 12. We hold that where, as here, the party seeking the preliminary injunction has not demonstrated a substantial likelihood of success on the merits upon the facts alleged, the trial court does not abuse its discretion in denying the motion without a hearing. *See Johnson v. Morris*, 108 Ohio App.3d 343, 352-353, 670 N.E.2d 1023 (4th Dist.1995) (denial of plaintiff's motion for preliminary injunction without a hearing did not affect plaintiff's substantial right "because he was never entitled to a preliminary injunction"); *Ridenour v. Wilkinson*, 10th Dist. Franklin No. 07AP-200, 2007-Ohio-5965, ¶ 50 (trial court did not err in denying motion for temporary restraining order and preliminary injunction without a hearing where a hearing was not required under Civ.R. 65 and plaintiffs could not demonstrate a substantial likelihood of success on the merits).

{¶ 21} Accordingly, appellant's first assignment of error is not well-taken.

10.

{¶ 22} In his third assignment of error, appellant argues that appellee's motion to dismiss appellant's complaint contained an affidavit and exhibit. Thus, appellant contends that the motion to dismiss converted to a motion for summary judgment, and thereby required notice and an opportunity to present evidence pursuant to Civ.R. 56. To that end, Civ.R. 12(B)(6) provides, in relevant part, "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

{¶ 23} Here, although the trial court did not expressly exclude the affidavit attached to appellee's motion to dismiss, it also did not expressly rely on it either. Rather, the trial court granted the motion to dismiss for the reasons set forth in its decision denying appellant's motion for a preliminary injunction. As discussed above, those reasons were limited exclusively to appellant's failure to satisfy the four factors required for a preliminary injunction, in particular that appellant failed to demonstrate a substantial likelihood of success on the merits because he did not show that Croghan had any legal obligation to include his proposals in its 2019 Proxy Statement. In addition, the trial court relied on the reasons set forth in appellee's motion to dismiss, which included both the argument that appellant's claims were unfounded in the law, as well as the argument that the issue was moot by virtue of Croghan's voluntary inclusion of the proposals in its 2019 Proxy Statement.

11.

{¶ 24} To the extent that the trial court erred in failing to convert appellee's motion to dismiss into a motion for summary judgment, we find the error to be harmless pursuant to Civ.R. 61, which provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶ 25} In this case, the trial court's granting of appellee's motion to dismiss is entirely consistent with the standard for dismissal under Civ.R. 12(B)(6).

> A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. All of the complaint's factual allegations must be considered to be true, and all reasonable inferences must be drawn in favor of the plaintiff. A Civ.R. 12(B)(6) motion to dismiss should be granted only when a plaintiff can prove no set of facts that would entitle her to relief. (Internal quotations omitted).

12.

*Moffitt v. Auberle*, 167 Ohio App.3d 120, 2006-Ohio-3064, 854 N.E.2d 222, ¶ 7 (6th Dist.). Put simply, appellant has not articulated a legal basis, statutory or otherwise, that requires Croghan to include his proposals in its 2019 Proxy Statements or Proxy Cards. Therefore, his action seeking to compel Croghan to so include his proposals is entirely without merit, as he can prove no set of facts that would entitle him to relief. This remains true even where Croghan nevertheless voluntarily included appellant's proposals in its 2019 Proxy Statement.

{¶ 26} Because appellant has no right to relief, we hold that any purported error of the trial court to fail to notify him that it was converting the motion to dismiss into a motion for summary judgment does not affect his substantial rights, and is therefore harmless.

{¶ 27} Accordingly, appellant's third assignment of error is not well-taken.

{¶ 28} Finally, in his fourth assignment of error, appellant argues that the trial court erred in denying him the right to amend his complaint. We note that the May 16, 2019 judgment to which appellant is assigning error was not timely appealed by him, and is thus not properly before the court.

{¶ 29} Accordingly, we find his fourth assignment of error not well-taken.

## IV. Conclusion

{¶ 30} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.