Matthias, J.
 

 The decision of this case turns upon the question of the validity and sufficiency of the cross-petition and the admissibility of evidence proffered in support thereof. The trial court held that the pleading and the evidence proffered contradicted or varied the terms of the written agreement between the parties for the purchase and sale of the property involved herein. The question presented is whether, by reason of a clause in a purchase and sale agreement referring to the premises as “the following described property * * * together with all buildings and appurtenances now thereon, in their present condition,” the purchaser is precluded from asserting and maintaining a claim for material misrepresentation by the vendor, either as to the water supply or the condition of the building, though made for the purpose and with the effect of inducing the sale thereof. If the answer is in the affirmative, the judgment rendered in this case should be affirmed; if not, it should be reversed.
 

 In the consideration of this question we must, of course, accept as true the facts which the evidence proffered and rejected by the court tended to establish. Having reference to the water supply, the statement of the representation claimed to have been made by the plaintiff was that there was an ample -water supply for all household purposes; that it was inexhaustible; good for all time, plenty of water. The evidence proffered in this respect indicated positive statements of a fact with knowledge of the situation on the part of the plaintiff, and not the expression of a mere opinion or belief. The plaintiff was the builder and owner of the residence. The defendant endeavored to prove that the plaintiff at the time he made the representations had positive knowledge that his representations were false; that, prior to the
 
 *5
 
 erection of the dwelling, he had been informed by one living in the immediate neighborhood that the water supplied by a spring on his premises was merely seepage ; and that this neighbor had endeavored to obtain water in the immediate locality and, having failed to do so, was compelled to pipe water from the Chagrin river.
 

 Admission of such misstatement as well as his obligation and responsibility under the contract would have been further disclosed by evidence tendered that the plaintiff attempted thereafter to drill a well but could procure nothing but salt water, which was unfit for any household purpose.
 

 It seems unlikely that the use of the words, “buildings and appurtenances now thereon, in their present condition,” would be understood to include or have any reference to the sufficiency or quality of the water supply. That the misrepresentations complained of materially affect the character, use and enjoyment of premises concerning which the representations were made there can be no question; that such misrepresentations in fact induced the purchase of the premises and resulted in damage the proffered evidence tended to prove.
 

 Under the rule applied by the trial court, a purchaser would be helpless and a vendor completely absolved, no matter how false or fraudulent the statement which induced the sale, if somewhere in the form of contract, in fine print or otherwise, there be inserted the phrase, “buildings and appurtenances now thereon, in their present condition.” It is difficult to imagine a case in which relief would be accorded a purchaser misled and deluded by false representations respecting conditions of premises not readily observable or ascertainable if it be denied under the facts presented in this case.
 

 An informing discussion of the principle involved in actions for misrepresentation of quality, condition,
 
 *6
 
 character or adaptability of the subject-matter of contract may be found in 23 American J urisprudence, 823, Section 54. Many cases are there cited involving misrepresentation of particular facts affecting' the quality or condition-of the thing dealt with for which action is maintainable. Among these are actions where fraud has been held predicable on false representation that a certain privilege is annexed to land sold, that the improvements thereon are of a certain kind, that it is suitable for certain purposes, or that it has a gusher of water on it. Cases are also cited which negative the right to maintain an action where only general statements are made in regard to the construction or general condition of a building which is the subject-matter of the sale agreement.
 

 Having reference to the claimed defective sanitary system and faulty construction of the roof, it is necessary only to observe that there was no tender of proof of facts which constitute the essential elements of a claim for damages for misrepresentation.
 

 In the trial of the instant case, it was not sought to contradict or vary the terms of a written contract, but rather to show material misrepresentations relative to the subject-matter of the contract whereby the party complaining was induced to enter into the contract resulting in his loss or damage. The authorities are numerous which support the competency and admissibility of evidence in such cases. 22 Corpus Juris, 1215, Section 1651, and cases there cited; 75 A. L. R., 1025, and cases cited; 5 Williston on Contracts, 4212, Section 1509; 17 Ohio Jurisprudence, 527, Section 428; 40 Ohio Jurisprudence, 931, Section 26;
 
 Taylor
 
 v.
 
 Leith,
 
 26 Ohio St., 428;
 
 Mulvey
 
 v.
 
 King,
 
 39 Ohio St., 491;
 
 Gleason
 
 v.
 
 Bell,
 
 91 Ohio St., 268, 110 N. E., 513. In the last cited case, it is held in the syllabus:
 

 “Where a purchaser was induced to buy and pay for a city residence, by false representations made to
 
 *7
 
 him by the vendor as positive statements of fact clearly implying knowledge of the owner of the truth of the facts stated, and made under such circumstances that the vendor should have known of the falsity of the representations, and they were of such a nature as to affect the character, utility and value of said property, and the purchaser had a right to and did rely thereon, and suffered damage by reason thereof, he may recover. In such a case an averment that the vendor knew the representations to be false and made them with intent to deceive is not essential.”
 

 Being of the opinion that the trial court was in error in rejecting the evidence proffered in support of defendant’s cross-petition and in rendering judgment for the plaintiff, and that the Court of Appeals erred in affirming the same, the judgment of the Court of Appeals is reversed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.