**WICKARD et al., Appellants,**

v.

**BALAZS et al., Appellees.**

[Cite as *Wickard v. Balazs,* 154 Ohio App.3d 429, 2003-Ohio-4967.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–03–1052.

Decided Sept. 19, 2003.

Jeffrey L. Robinson, for appellants Jackie and Rella Wickard.

Douglas A. Wilkins, for appellees Frank T. and Ronalda Balazs.

KNEPPER, Judge.

{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court in which the trial court found in favor of appellees, Frank T. and Ronalda Balazs, and dismissed the complaint for damages filed by appellants, Jackie and Rella Wickard, in a contract action involving the sale of real estate. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} Appellants set forth the following issue for review on appeal:

{¶ 3} "When a contract of sale of real estate provides that no work had been performed or improvements constructed that may result in future assessments and when by the terms of that contract, those representations survive closing, is the seller excused from the warranty made because the seller has no actual or constructive notice of the proposed improvements?"

{¶ 4} The undisputed facts that are relevant to the issues raised on appeal are as follows. On August 17, 1996, appellants and appellees executed a purchase agreement for a home located at 1908 Southmoor Drive, Toledo. At the time that the purchase agreement was executed, the home, which appellees owned as a rental property, had been vacant for several months.

{¶ 5} As part of the sale, the parties executed a standard, preprinted real estate purchase contract. Paragraph 16 of the purchase contract stated:

{¶ 6} "Sellers representations. Seller represents that, with respect to the Property (a) no orders of any governmental authority are pending, (b) no work has been performed or improvements constructed that may result in future assessments, (c) no notice has been received from any public agency with respect to condemnation or appropriation, change in zoning, proposed future assessments, correction of condition or other similar matter."

{¶ 7} The closing took place on September 11, 1997. In addition to the representations in paragraph 16, appellees signed an affidavit on the day of closing, which stated:

{¶ 8} "3. Except as indicated on the current tax duplicate, there are no unpaid real estate taxes or assessments; affiant has no knowledge of any pending or proposed assessment, application or abatement of tax, or service or improvement which could be assessed.  * * *"

{¶ 9} In July 1998, appellants were notified by the city of Toledo that the property was being assessed for certain public improvements, otherwise known as the "Swan Creek Dike" project, in the amount of $7,301.56. Upon investigation, appellants discovered that work on the project was performed while appellees owned the property.

{¶ 10} On February 15, 2001, appellants filed the complaint herein against appellees, the Commonwealth Land Title Insurance Company, and the First Service Title Agency, Inc.[1] The complaint alleged that, by failing to disclose that assessments were pending against the property, appellees breached the terms of the purchase contract, specifically, paragraph 16. Appellants asked the court to award them damages in the amount of $7,301.56. On May 14, 2001, appellees filed cross-claims for indemnification against the title insurance company and the title agency.

---

1. Appellants originally filed their complaint on November 17, 1998; however, that complaint was voluntarily dismissed by appellants on August 29, 2000, pursuant to Civ.R. 41. Appellants' claims against the title insurance agency and title company were eventually dismissed and are no longer a part of this lawsuit.

{¶ 11} On August 29, 2002, the parties filed a list of 13 joint stipulations in the trial court, the relevant provisions of which are:

{¶ 12} "6. That at the time of closing, neither the Wickards (buyers/appellants) or the Balazs[es] (sellers/appellees) had any knowledge of any assessments pending or proposed against the property * * *.

{¶ 13} "7. That the Balazs[es] relied upon their title work in agreeing to close.

{¶ 14} "8. That the Common Wealth [sic] Land Title Insurance Company provided a Preliminary Letter for a Guarantee Certificate of Title and the assessment did not appear on the title work.

{¶ 15} "9. That neither the Balazs[es] nor the Wickards had any knowledge of any work having been commenced or undertaken for which there would be future assessments.

{¶ 16} "* * *

{¶ 17} "11. That the City's Notice of Assessment was mailed to the property address which at the time of mailing was vacant. The Balazs[es] did not receive any notices mailed by the City as they were residing at a different address. * * *"

{¶ 18} The case was submitted to the trial court for adjudication on the record and the parties' jointly stipulated facts. On January 28, 2003, the trial court filed a judgment entry in which it found that appellees "had no knowledge of any pending assessments and had no knowledge of any notice of pending assessments." Accordingly, the court entered judgment for appellees and dismissed the complaint for damages. The trial court further found that appellees' cross-claims for indemnification against the title insurance company and the title agency had become moot and dismissed them on that basis. On February 20, 2003, a timely notice of appeal was filed.

{¶ 19} Appellants assert on appeal that the trial court erred when it found that appellees should not be liable for the $7,301.56 tax assessment. In support thereof, appellants argue that, because the assessment was for work performed by the city while appellees owned the home, appellees breached the "warranty" they made in paragraph 16 of the purchase agreement that no special assessments were pending on the property at the time of the sale.

{¶ 20} We note at the outset that appellants' complaint sets forth causes of action for breach of contract and fraud. However, on appeal, appellants argue only that the trial court erred when it failed to find that appellees breached the provisions of the contract. Accordingly, our review of the trial court's judgment is de novo. *Timmotors, Inc. v. Lima Ford, Inc.* (Aug. 16, 2001), 3d Dist. No. 1–

2000–11, 2001 WL 929372; *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684.

{¶ 21} In *Gleason v. Bell* (1915), 91 Ohio St. 268, 110 N.E. 513, the Ohio Supreme Court held:

{¶ 22} "Where a purchaser was induced to buy and pay for a city residence, by false representations made to him by the vendor as positive statements of fact clearly implying knowledge of the owner of the truth of the facts stated, and made under such circumstances that the vendor should have known of the falsity of the representations, and they were of such a nature as to affect the character, utility and value of said property, and the purchaser had a right to and did rely thereon, and suffered damage by reason thereof, he may recover. * * *" Id. at paragraph one of the syllabus. (Approved and followed in *Drew v. Christopher Constr. Co., Inc.* [1942], 140 Ohio St. 1, 23 O.O. 185, 41 N.E.2d 1018, at paragraph one of the syllabus.)

{¶ 23} In this case, it is undisputed that the purchase agreement states that there are no pending assessments against the subject property and that appellees' representation that no assessments were pending was material. However, the parties jointly stipulated that appellees had no knowledge that any work had been done prior to closing that would result in an assessment, or that any assessments were pending. In addition, based on the parties' joint stipulation that appellees had not received notice of any assessments prior to closing, and that a title search did not show the existence of any present or future assessments not appearing on the tax duplicate at the time of closing, it can be concluded that appellees could not have discovered that an assessment was pending.

{¶ 24} On consideration of the foregoing, this court finds that the trial court did not err by finding that appellants were not entitled to recover the $7,301.56 tax assessment from appellees, or by dismissing appellees' cross-claims for indemnification from the title insurance company and the title agency as moot. Appellant's sole assignment of error is not well taken.

{¶ 25} The judgment of the Toledo Municipal Court is hereby affirmed. Court costs of these proceedings are assessed to appellants.

Judgment affirmed.

PIETRYKOWSKI and LANZINGER, JJ., concur.