{¶ 35} For the reasons that follow, I must respectfully dissent. Appellants claim that BEFORE they received a loan from NCB they were misled by an agent for NCB, who orally promised a $200,000 line of credit as part of the loan arrangement. As a defense to this lawsuit, they claim that AFTER they signed the loan agreements, NCB's loan agent stated that she was unable to secure the $200,000 line of credit. NCB claimed that the line of credit was withdrawn because the most recent appraisal did not support the additional $200,000 line of credit. Thus, a critical question of fact remains as to whether the appellants were wrongfully induced to sign the loan agreement in the first place.
 {¶ 36} The trial court granted NCB summary judgment in the amount of $358,358.94 in principal and interest. However, appellants maintain that material issues of fact remain with respect to their allegations of fraud and/or fraudulent inducement. They are right. There are material issues of fact with respect to appellants' allegations of fraud in the inducement. Therefore, this matter cannot be resolved, as a matter of law, by summary judgment.
 {¶ 37} The trial court held that where an alleged promise directly conflicts with appellants' written obligations to the bank, the promise cannot be used as a defense to appellants' written obligations or in support of a claim that it induced them to enter the notes or obligations or other agreements. That statement of law is only true as far as it goes.
 {¶ 38} The majority is correct that the Ohio Revised Code expressly bars any attempt to enforce an oral promise concerning the TERMS of a written loan. R.C. 1335.02(C) states "the rights and obligations of the parties to the loan agreement, shall be determined solely from the written loan agreement[.]" Thus, as a general proposition, all loan agreements in Ohio are within the Statute of Frauds.
 {¶ 39} However, in this matter appellants argue that NCB's agent misrepresented the value of the subject properties and made misrepresentations that appellants would receive an additional $200,000 loan for purposes of renovation. Such an allegation, if proven, could result in an absolute defense to the contract in its entirety. A classic claim of fraudulent inducement asserts that a misrepresentation of facts outside a contract or other wrongful conduct induced a party to enter a contract. That is totally different from contesting the terms of the contract itself.
 {¶ 40} As stated by the Supreme Court of Ohio, "`[t]here is a general concurrence in the view, which is obviously just and equitable, that if one has been induced to enter into and perform or partly perform an oral agreement concerning an interest in land by fraudulent misrepresentations as to existing conditions, financial ability of a party, or under circumstances which amount to fraud, a court of equityshould refuse to let the statute be used as an instrument of fraud or tooperate to prevent equitable relief.'"[1]
 {¶ 41} I recognize the law will not permit every allegation of fraud to overcome the Statute of Frauds.
 {¶ 42} "Whether the alleged misrepresentation is of a promise of future performance or of a then-present fact, it will not defeat the Statute of Frauds unless such fraudulent inducement is premised upon matters which are wholly extrinsic to the writing. The Statute of Frauds may not be overcome by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing. Accordingly, an oral agreement cannot be enforced in preference to a signed writing which pertains exactly to the same subject matter, yet has different terms."[2]
 {¶ 43} A review of the record demonstrates that there is a genuine issue of material fact with respect to whether the terms of the purported oral agreement and the terms of the written agreement necessarily pertain to the same subject matter. That is, reasonable minds could come to different conclusions as to whether the written and oral agreements pertain "exactly to the same subject matter." Because there is an issue of fact material to the application of the Statute of Frauds to appellants' evidence, the trial court erred in granting NCB summary judgment on the pleadings.
 {¶ 44} Obviously, the facts supporting a claim of fraudulent inducement are almost always going to come from outside the written instrument. Parol evidence, by definition, deals with evidence outside the instrument. The parol evidence rule as applied to contracts is simply that, as a matter of law, the act of embodying the complete terms of an agreement in writing represents the final contract of the parties. However, there are limits. The parol evidence rule does not prohibit a party from introducing parol or extrinsic evidence for the purpose of proving fraudulent inducement.[3] It would defeat the entire concept of equity to prohibit the admission of parol evidence as to false representations of fact by a party inducing another to execute a contract. Such a nullification would assuredly degrade every barrier which the law has erected against fraudulent dealing.
 {¶ 45} In the current matter, appellants have provided evidence to support a claim of fraudulent inducement. Consequently, a review of the alleged oral promises at issue, compared to the written agreements signed by appellants, demonstrate that a genuine issue of material fact exists as to whether the terms of the alleged oral agreement pertain to the very same subject matter as the terms of the written agreements.
 {¶ 46} In sum, reasonable minds could differ as to whether the terms of the oral agreement "pertain to the same subject matter" as the terms of the written agreement. As such, there are issues of material fact regarding whether appellants are permitted under both the Statute of Frauds and the parol evidence rule, to introduce evidence of fraudulent inducement. Thus, the lower court erred by granting summary judgment in NCB's favor on these issues. Accordingly, I would sustain appellants' second assignment of error.
[1] (Emphasis added.) Marion Production Credit Assn. v. Cochran (1988), 40 Ohio St.3d 265, 274, quoting Newman v. Newman (1921),102 Ohio St. 230, 246.
[2] Marion Production Credit Assn. v. Cochran, supra, at 274.
[3] Drew v. Christopher Constr. Co., Inc. (1942), 140 Ohio St. 1, paragraph two of the syllabus.